IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE WI-FI LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No.: 2:24-CV-00047-JRG |

**PLAINTIFF'S CORRECTED MOTION IN LIMINE**

## I. MIL TO EXCLUDE EVIDENCE OF EIGHT NON-COMPARABLE AGREEMENTS PRODUCED BY SAMSUNG

### A. Samsung produced Thirteen agreements, Eight of which Samsung's damages expert does not find to be comparable to the hypothetical negotiation

Samsung produced thirteen license agreements. Samsung's damages expert, Dr. Vander Veen, only deems five of these agreements "relevant" to the hypothetical negotiation and then uses those five agreements as part of a damages calculation to opine that the parties to the hypothetical negotiation would have agreed



Ex. A, ¶¶ 93, 106,[1] 118, 121, 146, 192, 205 and Tab 7a (screen shot above).

Dr. Vander Veen does not opine that any of the other eight agreements Samsung produced are economically comparable to the hypothetical negotiation, nor does he use them as part of any damages calculation. Ex. A, ¶¶ 71-74, 80-84, 89 and Tab 7b. Of the eight non-comparable agreements, six of them Dr. Vander Veen addresses in a single paragraph—i.e., Ex. A, ¶ 89 and Tab 7b. For the other two agreements— —Dr. Vander Veen summarizes

---

[1] Dr. Vander Veen opines that: Ex. A, ¶ 106 (emphasis added).

some of the terms, determines what he believes is the "effective" royalty rate under the agreement and states these agreements are only "somewhat informative" to his "analysis of a hypothetical negotiation," but he does not deem them relevant or comparable to the hypothetical negotiation. Ex. A, ¶¶ 71-74, 80-84 and Tab 7b.

Nowhere does Dr. Vander Veen (1) find that any of the eight agreements are economically comparable or relevant to the hypothetical negotiation; or (2) find that a rate from any of the eight agreements is a proper measure of damage in this case. Likewise, Secure Wi-Fi's damages expert found the agreements to not be comparable and not a proper measure of damages in this case. Ex. B, ¶¶ 92-112.

In reasonable royalty cases, the Federal Circuit requires that agreements considered for damages must be comparable to the hypothetical negotiation at issue. *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 915 (Fed. Cir. 2022), citing *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1329 (Fed. Cir. 2009) ("The party proffering a license bears the burden of establishing it is sufficiently comparable to support a proposed damages award."); *Wordtech Sys., Inc v. Integrated Networks Sols., Inc*., 609 F.3d 1308, 1320 (Fed. Cir. 2010) ("comparisons of past patent licenses to the infringement must account for 'the technological and economic differences' between [the past patent licenses and the patent in suit].") (quoting *ResQNet.com, Inc. v. Lansa, Inc*., 594 F.3d 860, 873 (Fed. Cir. 2010)); *Finjan, Inc. v. Secure Computing Corp*., 626 F.3d 1197, 1211 (Fed. Cir. 2010).

Under the Federal Circuit principles of license comparability and Fed. R. Evid. 402 and 403, Samsung should be precluded from offering evidence or testimony on the eight agreements where neither parties' expert made a finding that any of the agreements were comparable to the hypothetical negotiation and did not use any of the agreements as part of any damages calculation. Accordingly, the eight agreements are not reliable record evidence and their probative value appears minimal at

best. Placing these non-comparable agreements in front of the jury, including their payment terms, would prejudice Secure Wi-Fi and confuse the jury. Moreover, it would invite reversible error if the jury adopted a payment term or otherwise relied upon a noncomparable agreement. *Lucent Techs.*, 580 F.3d at 1329 ("...a [] damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers...").

For at least these reasons, Samsung should be precluded from offering evidence or testimony concerning the following eight non-comparable agreements:

### B. Samsung intends to use the eight non-comparable agreements for prejudicial purposes

A separate reason for exclusion is that Samsung intends to use the non-comparable agreements to confuse the jury with irrelevant argument, prejudicing Secure Wi-Fi. The following is one example where Samsung's damages expert discusses two of the licensors in the non-comparable agreements:



Ex. C, ¶ 411.

This case has nothing to do with Nobel Prize winners at these institutions. Nor does it have anything to do with DNA sequencers or pacemakers. Testimony like this can only be aimed towards inferring that the patents licensed from █████████ are more important or valuable than the

asserted patent at issue in this case. As such, introduction of the eight non-comparable licenses will lead to highly prejudicial and irrelevant sideshows that Fed. R. Evid. 402 and 403 prohibit.

| | |
|---|---|
| Dated: September 9, 2025 | Respectfully submitted,<br><br>/s/ Marc Belloli<br>Marc Belloli (Lead counsel)<br>California Bar No. 244290<br>mbelloli@bdiplaw.com<br>M. Elizabeth Day<br>California Bar No. 177125<br>eday@bdiplaw.com<br>Jerry D. Tice II<br>Texas State Bar No. 24093263<br>jtice@bdiplaw.com<br>Denise M. De Mory<br>California Bar No. 168076<br>ddemory@bdiplaw.com<br>Aaron R. Hand<br>California Bar No. 245755<br>ahand@bdiplaw.com<br>Hillary N. Bunsow<br>California Bar No. 278719<br>hillarybunsow@bdiplaw.com<br>Gareth DeWalt (*pro hac vice*)<br>California Bar No. 261479<br>gdewalt@bdiplaw.com<br>**BUNSOW DE MORY LLP**<br>701 El Camino Real,<br>Redwood City, CA 94063<br>Tel: (650) 351-7248<br>Fax: (415) 426-4744<br><br>Deron R. Dacus<br>Texas Bar No. 00790553<br>ddacus@dacusfirm.com<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>(903) 705-1117<br>(903) 581-2543 (fax)<br>E-mail: ddacus@dacusfirm.com<br><br>*Attorneys for Plaintiff*<br>Secure Wi-Fi LLC |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service was served with a copy of this document via electronic mail on September 9, 2025.

>  */s/ Marc Belloli*
> Marc Belloli

## CERTIFICATE OF CONFERENCE

On September 4, 2025, counsel for Plaintiff conferred with counsel for Defendants, and counsel for Defendants stated that Defendants are opposed to the relief sought in this motion.

>  */s/ Marc Belloli*
> Marc Belloli