**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SECURE WI-FI LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: 2:24-CV-00047-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | **FILED UNDER SEAL** |
| Defendants. | |

**DEFENDANT SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG**
**ELECTRONICS AMERICA, INC.'S MOTIONS *IN LIMINE***

# Table of Contents

**I.     MIL No. 1: Preclude any evidence, testimony, or argument suggesting that any devices sold by companies other than Samsung practice the alleged inventions** ........................................................................................... 1

**II.    MIL No. 2:  Preclude Secure from calling the named inventor as a witness or from introducing certain evidence, testimony, or argument relating to the named inventor** ................................................................................................. 2

    A.     Preclude Secure from calling named inventor as witness; alternatively allow a pre-trial deposition ............................................. 3

    B.     Preclude Secure from introducing any evidence, testimony, or argument relating to the named inventor's background that Secure and its witnesses gleaned solely from an inadmissible, unauthenticated, third-party, hearsay document ................................................................................... 4

    C.     Preclude Secure from eliciting any testimony from the named inventor that violates the Court's MIL No. 9 .................................................. 7

    D.     Preclude the named inventor or any other witness from referencing any prior affiliation with Samsung ............................................... 8

**III.   MIL No. 3:  Preclude evidence, testimony, and argument that Samsung's employees or corporate representative lack knowledge that is outside of personal knowledge or Rule 30(b)(6) topics** ............................................... 10

**IV.    MIL No. 4:  Preclude evidence, testimony, or argument relating to Samsung's production of licenses and source code** ....................................... 12

# Table of Authorities

**Page(s)**

## Cases

*Anonymous Media Rsch. Holdings LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:23-cv-00439-JRG-RSP (E.D. Tex. Aug. 20, 2025) .......................................................10

*DataTreasury Corp. v. Wells Fargo & Co.*,
No. 2:06-cv-72-DF (E.D. Tex. Oct. 5, 2010) ...........................................................................12

*Empire Tech. Dev. LLC v. Samsung Elecs. Co., Ltd.*, No.
2:23-cv-00427-JRG-RSP (E.D. Tex. June 10, 2025) ...............................................................8

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
705 F.3d 518 (5th Cir. 2013) ...................................................................................................7

*Frazier v. Cont'l Oil Co.*,
568 F.2d 378 (5th Cir. 1978) ...................................................................................................7

*G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:22-cv-00078-JRG (E.D. Tex. Nov. 30, 2023)................................................................12

*Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:22-cv-00422-JRG-RSP (E.D. Tex. July 8, 2024) ..........................................................12

*Headwater Rsch. LLC v. Verizon Commc'ns, Inc.*,
No. 2:23-cv-00352-JRG-RSP (E.D. Tex. June 5, 2025)...........................................................10

*Mojo Mobility, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 2:22-cv-00398-JRG-RSP (E.D. Tex. July 8, 2024) .......................................................1, 8

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 2:21-cv-00463 (E.D. Tex. Apr. 5, 2023)...........................................................................12

*RecogniCorp, LLC v. Nintendo Co., Ltd.*,
855 F.3d 1322 (Fed. Cir. 2017)................................................................................................2

*Robroy Indus. Texas LLC v. Thomas & Betts Corp.*,
No. 2:15-CV-512-WCB (E.D. Tex. Apr. 10, 2017) ...................................................................7

*Solas OLED Ltd. v. Samsung Elecs. Co., Ltd.*,
No. 2:21-cv-00105-JRG-RSP (E.D. Tex. May 24, 2022).........................................................11

*SRI Int'l, Inc.v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed. Cir. 2019)..............................................................................................11

*Viking Techs., LLC v. Broadtech, LLC*,
No. 2:20-cv-00357-JRG (E.D. Tex. Feb. 2, 2022) ...................................................................1

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
992 F.3d 1366 (Fed. Cir. 2021)................................................................................................7

**Rules**

Fed. R. Evid. 703 ................................................................................................5, 6

Fed. R. Evid. 803 ...................................................................................................5

Fed. R. Evid. 901 ...................................................................................................5

**Table of Abbreviations**

| Abbreviation | Description |
|---|---|
| Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Secure | Secure Wi-Fi LLC |
| '384 patent | U.S. Patent No. 10,694,384 patent, the only patent that Secure intends to take to trial |

*emphasis added unless otherwise noted

**Table of Exhibits**

| Exhibit | Description |
|---|---|
| A | Email chain between counsel for Secure and counsel for Samsung regarding the named inventor |
| B | Excerpt of Application Data Sheet for application resulting in '384 patent, dated March 30, 2018 |
| C | Document produced by Secure purporting to be a "CV" for the named inventor of the '384 patent, Mr. Hyoung-Gon Lee |
| D | Excerpt of May 27, 2025 deposition of David White |
| E | Excerpt of Opening Expert Report of Robert Akl |
| F | Excerpt of Opening Expert Report of Justin R. Blok |
| G | Excerpt of July 18, 2025 deposition of Justin R. Blok |
| H | Excerpt of July 19, 2025 deposition of Seth J. Nielson |

Samsung respectfully moves *in limine* to preclude the following from trial:

## I. MIL No. 1: Preclude any evidence, testimony, or argument suggesting that any devices sold by companies other than Samsung practice the alleged inventions

The accused functionality at issue in this case pertains to Android® OS software developed by Google and made available publicly. Secure contends that Samsung devices, including smartphones, tablets, and watches, infringe various asserted method and apparatus claims through their implementation of Google's Android® OS software (specifically, version 10 or higher) or Google's related Wear® OS software (specifically, version 3 or higher). Thus, the only question on infringement is whether Samsung's devices, not the devices of other companies, infringe.

Secure should be precluded under Rules 402 and 403 of the Federal Rules of Evidence and the Court's MIL No. 25 from making any statements or introducing any evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony that the devices of any company other than Samsung (e.g., Motorola, Nokia, etc.) practices the alleged inventions claimed in the '384 patent.

***First***, that information is not relevant to Secure's infringement claims under Rule 402. *See Viking Techs., LLC v. Broadtech, LLC*, No. 2:20-cv-00357-JRG, Order on Pretrial Motions and Motions *in Limine*, D.I. 206 at 5 (E.D. Tex. Feb. 2, 2022) (granting MIL) ("[T]here is no basis for witnesses to discuss infringement issues regarding other parties who are not before the jury."). Based on this precedent, this Court recently granted a similar MIL presented by Samsung in *Mojo Mobility, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00398-JRG-RSP, Order on Motions *in Limine*, D.I. 233 at 2 (E.D. Tex. July 8, 2024). Accordingly, any other company's alleged infringement of the asserted claims of the '384 patent has zero probative value as evidence of Samsung's alleged infringement and should be precluded under Rule 402. But even if any probative value existed, it is outweighed by the prejudice of likely jury confusion and thus should

be precluded under Rule 403.  It is one thing to argue to the jury that the Android® OS operating software created by non-party Google and implemented in Samsung's accused products satisfies each and every limitation of the asserted claims.  It is another thing, however, to argue that the devices of other companies who are not parties to this action infringe or have infringed the '384 patent.  The risk of the jury improperly conflating issues with non-Samsung products versus the issues that the jury must address with respect to the evidence of alleged infringement specifically by Samsung mandates exclusion under Rule 403.

And *second*, non-party device manufacturers using Android® and Wear® software will not be participants in the upcoming trial (Secure has not identified any such witness on its witness list). Thus, any attempt by Secure to suggest that the devices of other companies infringe or otherwise practice the asserted claims is no different than "trying the empty chair," which this Court precludes under its MIL No. 25.

## II.    MIL No. 2:  Preclude Secure from calling the named inventor as a witness or from introducing certain evidence, testimony, or argument relating to the named inventor

Samsung requests the following as it pertains to the named inventor:

- Preclude Secure from calling the named inventor as a witness, or, alternatively, allow Samsung a pre-trial deposition of the named inventor if he voluntarily travels from Korea to Texas for trial;

- Preclude Secure from introducing evidence, testimony, or argument relating to the named inventor's background that Secure and its witnesses gleaned solely from an inadmissible, unauthenticated, third-party, hearsay document—where Samsung has no opportunity for cross-examination;

- If the named inventor is permitted to testify and does so, preclude Secure from eliciting any testimony from the named inventor that violates the Court's MIL No. 9; and

- If the named inventor is permitted to testify and does so, preclude him or any other witness from referencing any prior affiliation with Samsung.

Samsung's reasoning is provided below.

### A. Preclude Secure from calling named inventor as witness; alternatively allow a pre-trial deposition

Throughout this case, Secure's counsel have represented that they do not represent the named inventor, Mr. Hyoung-Gon Lee, and could not produce Mr. Lee for deposition pursuant to Samsung's Rule 30(b)(1) deposition notice. Ex. A at 3-4. Now, however, Secure has identified the named inventor on its witness list as a "may call" witness. Plaintiff's Preliminary Trial Witness List at 2. This witness is far beyond the Court's trial subpoena power. Based on the last known address of Mr. Lee as identified in the documents Secure produced, Mr. Lee lives in Korea. Ex. B at SECUREWIFI0000011. Thus, the only way that Mr. Lee can be "called" as a trial witness is if he voluntarily appears, which would require cooperation—either with Secure, its counsel, or any number of other entities that ████████████████████████ such as Techlock IP LLC ("Techlock").[1]

Secure has already shown that it has backchanneled outside of standard discovery mechanisms to obtain documents relating to the named inventor. Just prior to the deposition of Secure's Rule 30(b)(6) witness and sole principal, Mr. David White—scheduled at nearly the end of the fact discovery period—Secure produced a "CV" purportedly belonging to Mr. Lee (Ex. C).[2] When asked how Secure obtained it, Mr. White testified that counsel for Secure asked Techlock, who then provided it to Secure. Ex. D at 39:13-42:11. Techlock, although not a party to this lawsuit, ██████████████████████████████████████████ ██████████████████████████ *Id.* at 32:25-33:15.

---

[1] ████████████████ he '384 patent and two related patents that Secure asserted in this case but for which Secure has now conceded non-infringement. Ex. D at 31:16-18; D.I. 102 at 1, 6 (conceding non-infringement of the '005 and '552 patents). ██████████████████████ ██████████████████████████████████.

[2] Fact discovery in this case closed on June 2, 2025. Secure produced Mr. Lee's so-called "CV" on May 19, 2025. Samsung deposed Mr. White on May 27, 2025.

Because Secure has held out Mr. Lee as a pure third-party to avoid Samsung deposing Mr. Lee under Rule 30[3] while at the same time working with Techlock to secure materials that purportedly relate to Mr. Lee (which may or may not have been procured directly from Mr. Lee at or around the time of Secure's request to Techlock), Secure should be precluded from calling Mr. Lee as a witness. To the extent the Court is inclined to allow Mr. Lee to testify if he voluntarily travels from Korea to Texas for purposes of trial—at the request of Secure, Techlock, or anybody else, including other entities or individuals who have a financial interest in the outcome of this litigation—Samsung requests that it be permitted to depose Mr. Lee prior to trial.[4]

**B.     Preclude Secure from introducing any evidence, testimony, or argument relating to the named inventor's background that Secure and its witnesses gleaned solely from an inadmissible, unauthenticated, third-party, hearsay document**

If the named inventor does not testify, or is precluded from testifying, Secure should be precluded from introducing any evidence, testimony, or argument about the named inventor's background that Secure, its principal and corporate representative, David White, and its experts have gleaned solely from the document Secure obtained from Techlock that purports to be the named inventor's "CV." Ex. C. This is not a case where the patentee-plaintiff acquired the patent directly from the named inventor. Instead, Secure purchased the '384 patent from Techlock, who

---

[3] Samsung did not pursue Mr. Lee's deposition through the Hague Evidence Convention given the low likelihood of Mr. Lee actually being able to depose Mr. Lee. Under that convention, Korean nationals cannot be compelled to provide discovery for a U.S. litigation unless they voluntarily agree to do so. *See* https://travel.state.gov/content/travel/en/legal/Judicial -Assistance-Country-Information/Korea Republicof.html (last visited Sept. 3, 2025) (allowing only for "depositions of . . . *willing witnesses*").

[4] Any argument by Secure that Samsung has had Mr. Lee's email address and could have simply reached out ignores the facts—i.e., that between the time of Mr. White's deposition on May 27, 2025 (just prior to the close of fact discovery) and when Mr. White acquired the '384 patent from Techlock before Secure filed the instant lawsuit, neither Mr. White nor Techlock have communicated with Mr. Lee because, as Mr. White confirmed, Mr. Lee "had stopped responding to [Techlock's] emails." Ex. D at 41:1-42:14.

in turn acquired it from Empire Technology Development LLC, who in turn acquired the patent from the named inventor. No witness deposed in this case or identified by Secure on its witness list has had any dealings with the named inventor. In fact, on the parties' recent meet-and-confer relating to their respective MILs, counsel for Secure advised that they cannot even say whether the named inventor will testify; they have not been in contact with the named inventor and do not know if the named inventor will be voluntarily traveling from Korea to Texas for purposes of testifying at the upcoming trial. Moreover, Mr. White—Secure's corporate representative—testified at his deposition that he has never spoken with the named inventor. Ex. D at 39:6-9.

In short, none of Secure's witnesses know anything about the named inventor's background other than what they have learned through the document that Secure's counsel obtained from non-party Techlock that Secure contends is Mr. Lee's "CV." This document is inadmissible for multiple reasons, including because it is hearsay under Rule 803 of the Federal Rules of Evidence, and has not been authenticated under Rule 901 (and cannot be authenticated by any trial witness). Secure should therefore be precluded from introducing this document as evidence. Secure should also be precluded from introducing any evidence, testimony, or argument about the named inventor's background under Rule 602 of the Federal Rules of Evidence because no witness has any personal knowledge of the named inventor's background other than through the inadmissible "CV."

Moreover, Rule 703 of the Federal Rules of Evidence does not create a backdoor for Secure's experts to testify to the information within the so-called "CV" of Mr. Lee. Rule 703 allows experts to rely on hearsay to support expert opinions "if experts in the particular field would reasonably rely on [that hearsay] in forming an opinion on the subject." Fed. R. Evid. 703. But notably, Secure's experts do not rely on the "CV" for Mr. Lee to support any expert opinions regarding infringement, invalidity, or ineligibility—rather, both Secure and its experts use the CV

solely to bolster the named inventor's purported *bona fides* as an inventor of Wi-Fi technology. Ex. E ¶ 34; Ex. F ¶ 71; *see also* D.I. 100 at 3. Accordingly, Secure's experts have no basis to testify to this inadmissible hearsay under Rule 703. And even if Secure's experts relied on the so-called "CV" to support actual expert opinions, Secure's experts cannot meet the requirement of Rule 703 that the hearsay relied upon be of the kind that "experts in the particular field would reasonably rely." Fed. R. Evid. 703. Neither Secure nor its experts can legitimately argue that an unauthenticated, unvetted document purporting to be a "CV" received **not from the named inventor himself** but rather from an entity that h███████████████████████████████ ████████ is the type of hearsay that experts in any field reasonably rely on to support statements glorifying the named inventor's so-called work. Accordingly, the fundamental tenets underlying Rule 703 that allow an expert to testify to inadmissible hearsay are absent here.

And lastly, even if Secure's experts had a basis to rely on the so-called "CV," that alone does not permit Secure's experts to testify to the contents of the document, which is otherwise inadmissible. Indeed, on its face, Rule 703 permits an expert to testify to inadmissible hearsay only where "the probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. Nothing about the named inventor's purported background as contained in the so-called "CV" has any probative value in helping the jury evaluate infringement, invalidity, or ineligibility. On the other hand, the prejudicial impact is high. Allowing Secure to present this "CV"—or allowing Secure's witnesses to testify concerning the contents of this "CV"—is highly prejudicial to Samsung, who would **not be able to <u>cross</u> the named inventor** on the veracity of his purported *bona fides* as an engineer as expressed in this document. Rule 703 is not a backdoor for hearsay; an expert cannot simply be a conduit for out-of-court statements that, like here, are not amenable to **any**—let alone meaningful—cross-

examination. *Robroy Indus. Texas LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, Memorandum Opinion and Order, D.I. 198 at 21 (E.D. Tex. Apr. 10, 2017) (Bryson, J., sitting by designation) (expert testimony may not "parrot[] . . . exhibits produced during the pretrial process" where such testimony "would not be amenable to meaningful cross-examination"); *Frazier v. Cont'l Oil Co.*, 568 F.2d 378, 382 (5th Cir. 1978) ("The primary reason for excluding hearsay evidence is the lack of opportunity to test the truth of such evidence through cross-examination."); *see also Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (cautioning that Rule 703 "was never intended to allow oblique evasions of the hearsay rule" and to permit experts to "become the mouthpiece of the witnesses on whose statements" the expert relies) (internal quotations omitted); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1374-75 (Fed. Cir. 2021) (excluding documents from being shown to jury where the documents were not authenticated and where proponent of the material "was attempting to use Rule 703 as a 'backdoor' to allow the admission into evidence of otherwise inadmissible declarations and other materials simply because they might assist the jury's evaluation of an expert's opinions").

Accordingly, the Court should preclude Secure from introducing the purported "CV" as evidence and should preclude Secure's witnesses from testifying to the contents of the document or any other information about the named inventor's background that is outside their personal knowledge.

### C. Preclude Secure from eliciting any testimony from the named inventor that violates the Court's MIL No. 9

Secure cannot disparage Samsung at trial. To the extent the Court allows Mr. Lee to testify, Secure should be precluded from introducing any testimony, evidence, or argument that infringes on the Court's MIL No. 9. Samsung does not know the full extent of the testimony that Mr. Lee would provide if he were to testify. Samsung anticipates that Secure might attempt to elicit

testimony from Mr. Lee regarding Mr. Lee's prior work experience, including purported work experience at Samsung. Indeed, Secure's expert reports and other filings are littered with references to Mr. Lee previously working at Samsung—information which Secure and its experts gleaned only from the inadmissible "CV" document that Secure obtained from Techlock. Ex. E ¶ 34; Ex. F ¶ 71; D.I. 100 at 3 (referring to named inventor as "a former employee of Samsung"). If, in fact, Mr. Lee previously worked at Samsung (information to which no witness in this case has testified), Samsung anticipates that Secure might attempt to elicit testimony concerning Samsung's "culture," or Mr. Lee's own personal views that he may have held at the time—or now—concerning Samsung's respect for intellectual property rights.

Any attempt by Secure to elicit any testimony from Mr. Lee—or any other witness Secure calls—that suggests that Samsung is dishonest, corrupt, lacks respect for intellectual property rights, or otherwise suggests any other similar pejorative term violates the Court's MIL No. 9. *See Empire Tech. Dev. LLC v. Samsung Elecs. Co.*, *Ltd.*, No. 2:23-cv-00427-JRG-RSP, Order on Motions *in Limine*, D.I. 223 at 4 (E.D. Tex. June 10, 2025) ("It is not proper for Plaintiff to get into allegations that a Defendant is generally an infringer, a pirate, a person who does not respect and regard intellectual property."); *Mojo Mobility, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00398-JRG-RSP, Order on Motions *in Limine*, D.I. 233 at 3 (E.D. Tex. July 8, 2024) (precluding any assertion or suggestion as to "Samsung's general treatment of intellectual property rights").

### D. Preclude the named inventor or any other witness from referencing any prior affiliation with Samsung

The inadmissible hearsay document purporting to be Mr. Lee's "CV" states that Mr. Lee worked at Samsung from 2000 to 2002. Ex. C. Outside of this document, no witness in this case has provided any testimony relating to the named inventor's prior work history. If the named inventor were to travel voluntarily from Korea to Texas for purposes of testifying at the upcoming

trial, and verifies his prior work history, Secure should not be permitted to introduce any evidence, testimony, or argument from the named inventor (or any other witness) about any affiliation between the named inventor and Samsung.

Any suggestion to the jury that Mr. Lee previously worked at Samsung is irrelevant and unduly prejudicial under Rules 402 and 403. The information is irrelevant for numerous reasons. **First**, Mr. Lee's purported affiliation with Samsung ended more than 10 years prior to the filing of the earliest application relating to the '384 patent according to the information in the inadmissible "CV" document. There is of course no allegation that Mr. Lee invented the patented technology more than 10 years before filing the '384 patent application. **Second** Mr. Lee's work at Samsung (according to the inadmissible "CV") was directed to hardware and firmware development for CDMA, which is not the same field of endeavor as the '384 patent. The '384 patent addresses connecting to wireless networks, not hardware and firmware functionality of CDMA. **Third**, neither Secure nor Samsung alleges any fact or legal theory (*e.g.*, misappropriation of trade secrets) for which testimony relating to Mr. Lee's prior affiliation with Samsung is necessary or even probative of any relevant fact.

Even to the extent there were any probative value in such evidence, it is outweighed by the prejudice to Samsung given that the jury may confuse Mr. Lee's affiliation with Samsung, Mr. Lee's departure from Samsung, and Secure's later lawsuit against Samsung as suggesting that Mr. Lee's work at Samsung relates to the '384 patent and that Samsung stole it. The risk of jury confusion relating to Mr. Lee's purported prior affiliation with Samsung well before the filing of the first patent application in the family of patents relating to the '384 patent justifies preclusion of any testimony relating to such affiliation.

### III. MIL No. 3: Preclude evidence, testimony, and argument that Samsung's employees or corporate representative lack knowledge that is outside of personal knowledge or Rule 30(b)(6) topics

Samsung anticipates that it will have at least one corporate representative at trial and that such representative, along with potentially one other Samsung employee, will testify regarding information within their personal knowledge. Consistent with this Court's practices, Secure should not be permitted to "present evidence, testimony, or argument that Samsung's fact witnesses or corporate representative have not read" the '384 patent or any related patents or "formed opinions regarding" those patents," including noninfringement positions and positions regarding non-infringing alternatives ("NIAs") "unless the witnesses were designated on such topics."[5] *Headwater Rsch. LLC v. Verizon Commc'ns*, *Inc*., No. 2:23-cv-00352-JRG-RSP, Order on Motions *in Limine*, D.I. 302 at 5 (E.D. Tex. June 5, 2025); *see also Anonymous Media Rsch. Holdings LLC v. Samsung Elecs. Co.*, *Ltd*., No. 2:23-cv-00439-JRG-RSP, Order on Motions *in Limine,* D.I. 219 at 4 (E.D. Tex. Aug. 20, 2025). Moreover, Secure should not be permitted to "present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic." *Headwater*, D.I. 302 at 5; *see also Anonymous*, D.I. 219 at 4.

The prejudice to Samsung of Secure introducing any evidence, testimony, or argument on these subjects cannot be overstated. Introducing evidence, testimony, or argument that Samsung's fact witnesses have not read or formed opinions regarding the '384 patent, when outside their personal knowledge and where those witnesses have not previously been designated on those

---

[5] Samsung has not designated any witness in this case on any topic relating to opinions regarding the asserted patents, including non-infringement positions and positions regarding NIAs.

topics greatly outweighs any probative value for at least three reasons. ***First***, Secure has the burden to establish infringement, and any evidence that Samsung's fact witnesses (*e.g.*, engineers or marketing/sales executives) have not reviewed the asserted patents or formed opinions concerning infringement flips that burden on its head by improperly suggesting that Samsung's employees had a duty to review patents and form opinions concerning non-infringement. *See, e.g.*, *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019) (vacating a jury's willfulness finding as not supported by substantial evidence in part because it was "unremarkable" that employees without legal training did not analyze the asserted patents). ***Second***, asking fact witnesses whether they have read the '384 patent or formed opinions about infringement, validity, or NIAs improperly treats Samsung's fact witnesses as expert witnesses (which they are not), and may cause the jury to conflate the roles of experts with fact witnesses. ***Third***, any evidence that a Samsung fact witness has not reviewed the '384 patent will likely mislead the jury on willfulness, as Samsung's witnesses' lack of awareness of the '384 patent does not show that Samsung willfully infringed (it should lead to the opposite conclusion, as willfulness requires knowledge of the patents), especially where no duty to investigate the issue of infringement exists. *See Solas OLED Ltd. v. Samsung Elecs. Co.*, *Ltd.*, No. 2:21-cv-00105-JRG-RSP, Order on Motions *in Limine*, D.I. 308 at 5 (E.D. Tex. May 24, 2022) (granting motion to preclude suggestion that Samsung had a duty to investigate a patent).

Moreover, introducing any evidence, testimony, or argument that any Samsung fact witness or corporate representative are not prepared to testify on any particular topic of inquiry impermissibly—and prejudicially—suggests to the jury that the witness had a duty to prepare to such topic before testifying.

Multiple prior rulings from this Court, in addition to those cited above, support granting

this motion. *See, e.g.*:

- *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00422-JRG-RSP, Order on Motions *in Limine*, D.I. 350 at 3 (E.D. Tex. July 8, 2024) (excluding "evidence, testimony, or argument that Samsung's fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics" and "argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or s charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic");

- *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00078-JRG, Minutes for Pretrial Conference – Day 1 Held Before U.S. District Judge Rodney Gilstrap, D.I. 512 at 4 (E.D. Tex. Nov. 30, 2023) (granting Samsung's MIL No. 5); *id.*, D.I. 422 at 7-8 (E.D. Tex. Nov. 15, 2023) (MIL No. 5 seeking to preclude any "argument, evidence, or questioning" that "a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic");

- *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00463, Order on Pretrial Motions and Motions *in Limine*, D.I. 432 at 12 (E.D. Tex. Apr. 5, 2023) (granting MIL; recognizing that Samsung's trial witnesses have no obligation to prepare to testify on topics outside their personal knowledge); and

- *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72-DF, Order, D.I. 2392 at 48-49 (E.D. Tex. Oct. 5, 2010) ("The Parties should be precluded from asserting that a person who is acting as a Party's corporate representative at trial (1) has a legal obligation to prepare to testify on any particular topic, (2) is charged with the knowledge of others within the company, or (3) has the ability to bind the Party with his or her trial testimony.").

Accordingly, Secure should be precluded under Rules 402 and 403 from presenting any

evidence, testimony, or argument that Samsung's witnesses or corporate representative lack

knowledge that is outside of personal knowledge or 30(b)(6) topics, as such evidence, testimony,

and argument have little probative value, but are highly prejudicial and likely to confuse the jury.

## IV.    MIL No. 4:  Preclude evidence, testimony, or argument relating to Samsung's production of licenses and source code

Any concerns that Secure may have had during the pendency of this action regarding

Samsung's production of documents, including source code, has no place in front of the jury at the

upcoming trial as made clear in the Court's Standing Order regarding MILs. Secure and its experts have alluded to two discovery concerns that Secure may attempt to raise in front of the jury that fall squarely within the scope of these standing MILs. *First*, during the deposition of Secure's damages expert, Mr. Blok, when asked about Samsung's production of licenses in this case—all of which include lump-sum payments—Mr. Blok testified that ███████████████████

████████████████████████████████████████████████████████████████████

Ex. G at 84:9-20. *Second*, during the deposition of one of Samsung's technical experts, Dr. Seth Nielson, Secure's counsel questioned Dr. Nielson about when and where Dr. Nielson first obtained access to the code, which Secure may attempt to replicate at trial to try to suggest to the jury that Samsung's experts had more time than Secure's experts to review source code produced in this case. Ex. H at 24:2-26:10.

Samsung seeks clarification that introducing evidence, testimony, or argument relating to such discovery concerns violates the Court's MIL Nos. 1 and 13. MIL No. 1 precludes parties from introducing evidence, testimony, or argument concerning "discovery disputes." MIL No. 13 precludes parties from introducing evidence, testimony, or argument regarding "either party's other litigations." To the extent Secure held a good faith belief that Samsung engaged in any discovery violations—either with respect to document production or how Samsung made source code available for inspection—Secure was obligated to raise such concerns with Samsung and ultimately with the Court if the issue could not be resolved. Secure never raised any such dispute with Samsung or the Court. It cannot now create a backdoor at trial to cast Samsung in a negative light before the jury by suggesting that Samsung has engaged in nefarious behavior during discovery, including by referencing Secure's experts purported "experience" in other cases. Introducing such testimony, evidence, or argument is irrelevant and unduly prejudicial under Rules

402 and 403, respectively, and directly violates the Court's MIL Nos. 1 and 13.

Moreover, due to the probable impact that introducing such evidence would cast Samsung as dishonest, corrupt, or "shady," any attempt by Secure to elicit its experts' views on the scope of Samsung's production of licenses or by suggesting—through questioning of Samsung's source code experts—that Secure's experts did not have as much time as Samsung's experts to review source code produced in this case would also violate the Court's MIL No. 9. Allowing Mr. Blok to testify with respect ███████████████████████████ could unnecessarily cause the jury to believe that ████████████████████████████████████████████████████ ████████████████████████████████████████████ And allowing Secure to elicit testimony concerning the timing of Mr. Nielson's source code review could unnecessarily confuse the jury into believing that Samsung improperly withheld source code during discovery or that Samsung obtained some improper advantage with respect to the source code at issue in a way that impacts the credibility of Mr. Nielson's review of that code.

Accordingly, Secure should be precluded from introducing any testimony, evidence, or argument relating to such discovery concerns, including based on any expert's purported experience from other litigations involving Samsung.

Date: September 8, 2025

*/s/ R. Paul Zeineddin*
R. Paul Zeineddin
Paul.Zeineddin@BlankRome.com
D.C. Bar No. 474734 (Admitted E.D. Tex.)
**BLANK ROME LLP**
1825 Eye Street NW
Washington, DC 20006
(202) 470-2781

-and-

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S Washington Avenue
Marshall, TX 75670
Tel.: (903) 934-8450
Fax: (903) 934-9527

Joshua S. Reisberg
Josh.Reisberg@BlankRome.com
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000

Michael F. Reeder
State Bar No. 24070481
michael.reeder@blankrome.com
**BLANK ROME LLP**
717 Texas Avenue Suite 1400
Houston, TX 77002
(713) 815-3318

Sean D. Damon
Sean.Damon@blankrome.com
**BLANK ROME LLP**
1825 Eye Street NW
Washington, DC 20006
(202) 420-2200

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on September 8, 2025, via electronic mail.

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

On September 4, 2025, counsel for Defendants conferred with counsel for Plaintiff, and counsel for Plaintiff stated that Plaintiff is opposed to the relief sought in this motion.

*/s/ Melissa R. Smith*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Melissa R. Smith*