## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SECURE WI-FI LLC, | § | Case No. 2:24-cv-0047-JRG |
| | § | |
| Plaintiff, | § | |
| | § | Jury Trial Demanded |
| vs. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| Defendants. | | |

## <u>JOINT PRETRIAL ORDER</u>

Plaintiff Secure Wi-Fi LLC ("Secure Wi-Fi") and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") submit the following proposed Joint Pretrial Order pursuant to the Court's Docket Control Order (Dkt. 24), the Federal Rules of Civil Procedures and the Local Rules of this Court. This case is scheduled for a pretrial management conference on September 29, 2025 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

## I.    COUNSEL FOR THE PARTIES

### A.    Plaintiff Secure Wi-Fi LLC ("Secure Wi-Fi"):

| | |
|---|---|
| Marc Belloli<br>California Bar No. 244290<br>mbelloli@bdiplaw.com<br>M. Elizabeth Day<br>California Bar No. 177125<br>eday@bdiplaw.com<br>Jerry D. Tice II<br>Texas State Bar No. 24093263<br>jtice@bdiplaw.com<br>Richard Lin<br>California Bar No. 209233<br>rlin@bdiplaw.com<br>Denise M. De Mory | Deron R. Dacus<br>Texas Bar No. 00790553<br>ddacus@dacusfirm.com<br>THE DACUS FIRM, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>(903) 705-1117<br>(903) 581-2543 (fax)<br>E-mail: ddacus@dacusfirm.com |

| | |
|---|---|
| California Bar No. 168076<br>ddemory@bdiplaw.com<br>Aaron R. Hand<br>California Bar No. 245755<br>ahand@bdiplaw.com<br>Gareth DeWalt<br>California Bar No. 261479<br>gdewalt@bdiplaw.com<br>BUNSOW DE MORY LLP<br>701 El Camino Real,<br>Redwood City, CA 94063<br>Tel: (650) 351-7248<br>Fax: (415) 426-4744 | |

    **B.**     **Defendants Samsung Electronics Co., Ltd and<br>       Samsung Electronics America, Inc. (collectively, "Samsung"):**

| | |
|---|---|
| R. Paul Zeineddin<br>Paul.Zeineddin@BlankRome.com<br>D.C. Bar No. 474734 (admitted *pro hac vice*)<br>**BLANK ROME LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>(202) 470-2781<br><br>Ameya ("Arun") V. Paradkar<br><u>Maryland Bar No. 1312180324 (admitted *pro<br>hac vice*)</u><br>Arun.Paradkar@BlankRome.com<br>Sean D. Damon<br>D.C. Bar No. 1014471 (admitted *pro hac<br>vice*)<br>Sean.Damon@BlankRome.com<br>**BLANK ROME LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>(202) 420-2200<br><br>Joshua S. Reisberg<br>Josh.Reisberg@BlankRome.com<br>New York Bar No. 4463139 (admitted *pro<br>hac vice*)<br>**BLANK ROME LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 885-5000 | Melissa R. Smith<br>State Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>**GILLAM & SMITH, LLP**<br>303 S Washington Avenue<br>Marshall, TX 75670<br>Tel.: (903) 934-8450<br>Fax: (903) 934-9527 |

| | |
|---|---|
| Michael F. Reeder<br>Texas State Bar No. 24070481<br>michael.reeder@blankrome.com<br>**BLANK ROME LLP**<br>717 Texas Avenue Suite 1400<br>Houston, TX 77002<br>(713) 815-3318<br><br>Richard A. Edlin<br>edlinr@gtlaw.com<br>**GREENBERG TRAURIG, LLP**<br>One Vanderbilt Ave<br>New York, NY 10017<br>(212) 801-6528<br><br>Elana B. Araj<br>Elana.araj@gtlaw.com<br>**GREENBERG TRAURIG, LLP**<br>One Vanderbilt Ave<br>New York, NY 10017<br>(212) 801-6566<br><br>Kathryn E. Albanese<br>Katie.albanese@gtlaw.com<br>**GREENBERG TRAURIG, LLP**<br>One Vanderbilt Ave<br>New York, NY 10017<br>(212) 801-9200 | |

## II.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*. For purposes of this action only, the parties do not contest that this Court has personal jurisdiction. Likewise, for purposes of this action only, the parties do not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## III.    NATURE OF ACTION

This is an action for patent infringement in which Secure Wi-Fi accuses Samsung of infringing claims 1, 3-4, 7-13, 17-20, 22 and 24 of U.S. Patent No. 10,694,384 (the "'384 patent")

(collectively the "Asserted Claims of the Asserted Patent")[1]. Secure Wi-Fi contends that Samsung has directly and indirectly infringed and continues to directly and indirectly infringe the Asserted Claims of the Asserted Patent. Secure Wi-Fi seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, enhanced damages for willful infringement and an award of its fees under 35 U.S.C. §§ 284 and 285.

Samsung denies infringement of any of the Asserted Claims of the Asserted Patent, or that any of its infringement is willful. Samsung further contends that every Asserted Claim of the Asserted Patent is invalid and ineligible for patent protection for failing to satisfy one or more requirements for patentability under the laws of the United States, as set forth in Title 35 of the United States Code, including without limitation, the requirements set forth in sections 101, 103, and 112, regarding patent eligibility, anticipation, obviousness, and written description. Samsung denies that any damages are owed or that Secure Wi-Fi is entitled to any relief.

## IV.    CONTENTIONS OF THE PARTIES

By providing these contentions, the parties do not concede that all these issues are appropriate for trial; nor do the contentions below include every detail underlying each contention.

The parties do not waive any pending motions, including any motions *in limine*, *Daubert* motions, motions for summary judgment, motions to strike, and any other already pending and future motions or objections they may file. Moreover, the parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

### A.    Secure Wi-Fi's Contentions

1.    Secure Wi-Fi is the owner of all right, title and interest in the Asserted Patent and

---

[1] Secure Wi-Fi's infringement contentions asserted claims 1-4, 6-14, 17-20 and 22-24 of the '384 patent. Secure Wi-Fi has reduced the number of asserted claims to sixteen (16) and will further reduce the number of asserted claims pursuant to the deadline set forth in the Docket Control Order (Dkt. 24).

possesses all rights of recovery.

2.      Samsung has been and is now infringing the Asserted Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell in the United States and importing into the United States smartphones and tablets running the Android operating system, version 10 and higher and smartwatches running Wear OS version 3 and higher (the "Accused Products") covered by one or more claims of the Asserted Patent.

3.      Samsung also has been and is now infringing under 35 U.S.C. § 271(b) as an inducing infringer by, among other things, instructing its customers to directly infringe the Asserted Claims of the Asserted Patent.

4.      Secure Wi-Fi accuses Samsung and its products of literally infringing claims 1, 3-4, 7-13, 17-20, 22 and 24 of U.S. Patent No. 10,694,384 (the "'384 patent") (collectively the "Asserted Claims of the Asserted Patent").

5.      Samsung's infringement of the Asserted Patent has been and continues to be willful.

6.      Secure Wi-Fi is entitled to supplemental damages for all infringement that is not addressed at trial, including, for example, damages for infringement that occurred (i) after the temporal cutoff for the data presented at trial; (ii) during the period between the jury verdict and the entry of final judgment, as well as pre-judgment and post-judgment interest; and (iii) in the future until the expiration of the Asserted Patent.

7.      Secure Wi-Fi contends that Samsung had knowledge of the Asserted Patent and its infringement as of no later than the filing of Secure Wi-Fi's complaint on January 25, 2024.

8.      Secure Wi-Fi seeks the following relief:

        a.   A judgment that Samsung has infringed the '384 patent;

        b.   A judgment that Samsung's infringement has been willful;

c.   A judgment and order requiring Samsung to pay Secure Wi-Fi damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest and a running royalty for future damages;

d.   A judgment and order requiring Samsung to pay Secure Wi-Fi the costs of this action;

e.   A judgment and order awarding enhanced damages for willful infringement to Secure Wi-Fi under 35 U.S.C. § 284;

f.   A judgment and order declaring this case to be exceptional based on Samsung's willful infringement and/or litigation conduct;

g.   A judgment and order awarding attorneys' fees to Secure Wi-Fi under 35 U.S.C. § 285; and

h.   All equitable relief that the Court deems just and proper.

9.     Secure Wi-Fi contends that the Asserted Patent has been issued by the USPTO and therefore is entitled to a presumption of validity and that Samsung cannot prove by clear and convincing evidence that any of the asserted claims is invalid as obvious in view of prior art under 35 U.S.C. § 103.

10.     Secure Wi-Fi contends that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Samsung.

11.     Secure Wi-Fi contends that Samsung is not entitled to their fees and expenses incurred in defending this lawsuit.

12.     To the extent not already addressed above, Secure Wi-Fi disagrees with Samsung's contentions below.

13.     That a contention appears in Samsung's contentions below does not mean that

Secure Wi-Fi agrees or admits that the contention is now or has previously been live in this case.

14.    Secure Wi-Fi objects to Samsung's contentions that (a) were not properly disclosed pursuant to the Court's Local and Patent Rules, other orders of the Court in this case and the Federal Rules of Civil Procedure; (b) that are currently the subject of a pending motion in this case; or (c) that are inconsistent with the factual record or the law.

### B.    Samsung's Contentions

1.    Samsung provides the following statement of  contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Samsung's experts.  By providing these contentions, Samsung does not waive any of its motions *in limine*, motions for summary judgment, *Daubert* motions, or motions to strike; or any of its oppositions to Secure Wi-Fi's motions.

2.    The Asserted Claims of the Asserted Patent comprise both method claims and apparatus claims.  Asserted Claims 1, 3-4, and 7-13 are method claims (the "Asserted Method Claims").

3.    Samsung contends that it has not literally infringed any Asserted Claim of the Asserted Patent.

4.    Samsung contends that it has not literally infringed and is not now literally infringing any Asserted Claim of the Asserted Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing into the United States from January 25, 2018 (six years prior to the filing of this lawsuit) to the present, the Accused Products.

5.    With respect to the Asserted Method Claims in particular, Samsung contends that it has not literally infringed and is not now literally infringing any such claim under 35 U.S.C. § 271(a), including because Samsung, itself, does not perform each and every step of the accused

methods in the United States.[2]

6.      Samsung contends that none of its "customers" have literally infringed and are not now literally infringing any Asserted Claim of the Asserted Patent under 35 U.S.C. § 271(a) by using any Accused Products in the United States from January 25, 2018 to the present.

7.      Samsung contends that it has not induced the direct infringement in the United States, and is not now inducing the direct infringement in the United States, of any Asserted Claim of the Asserted Patent under 35 U.S.C. § 271(b), of any Accused Product from January 25, 2018 to the present.

8.      Samsung contends that it has not willfully infringed, and is not willfully infringing, any Asserted Claim of the Asserted Patent—either prior to or after the filing of this lawsuit—and that Secure Wi-Fi has not put forward any sufficient basis for willful infringement.

9.      Samsung contends that Secure Wi-Fi did not provide any pre-suit notice of any alleged infringement of any Asserted Claim of the Asserted Patent.  Samsung further denies knowledge of the Asserted Patent or any alleged infringement of any Asserted Claim of the Asserted Patent, or that it knew or should have known of any risk that it was allegedly infringing any Asserted Claim of the Asserted Patent prior to the filing of the Complaint in this action.

10.      Samsung contends that all Asserted Claims of the Asserted Patent are ineligible for patent protection under 35 U.S.C. § 101.

11.      Samsung contends that each of the Asserted Claims of the Asserted Patent, as a whole are directed to an abstract idea, and that each Asserted Claim of the Asserted Patent lacks

---

[2] Secure Wi-Fi objects to this paragraph regarding alleged divided infringement based on (1) Samsung's failure to disclose this defense in response to Interrogatory No. 3 or otherwise during fact discovery, (2) Samsung's failure to disclose this defense in its expert reports, (3) as violative of the Court's MIL No. 17 and (4) waiver because any argument that the method claims should be construed to add a limitation requiring an access point to affirmatively perform authentication was never advanced during claim construction.

an inventive concept.

12.     Samsung contends that each of the Asserted claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on a combination of one or more of the following references: WO2007/086705 ("Yun"), U.S. Patent No. 7,885,639 ("Satish"), U.S. Pat. App. Pub. 2003/0177267 ("Orava"), and U.S. Patent No. 8,126,476 ("Vardi").

13.     Samsung contends that each of the Asserted Claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on Vardi and Yun.

14.     Samsung contends that each of the Asserted Claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on Vardi and Jalfon.

15.     Samsung contends that each of the Asserted Claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on Orava, Vardi, and Jalfon.

16.     Samsung contends that each of the Asserted Claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on Jalfon, Satish, and/or Vardi.

17.     Samsung contends that each of the Asserted Claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on Yun, Vardi, and Jalfon.

18.     Samsung contends that each of asserted claims 17-20 and 22-24 of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103 based on Vardi, Yun, and Satish.

19.     Samsung contends that there are no secondary considerations of non-obviousness.

20.     Samsung contends that each of the Asserted Claims of the Asserted Patent lacks written description support as required by 35 U.S.C. § 112, para 1 (pre-AIA).

21.     Samsung contends that Secure Wi-Fi is not entitled to any of the recovery it seeks.

22.     Samsung contends that Secure Wi-Fi's claims for relief are limited or barred, in whole in part, by 35 U.S.C. §§ 286 and/or 288.

23.    Samsung contends that Secure Wi-Fi is not entitled to damages under 35 U.S.C. § 284, including but not limited to a reasonable royalty, on its claims of infringement related to the Asserted Patent.  To the extent damages are to be awarded based on infringement of any of the Asserted claims of the Asserted Patents, Secure Wi-Fi's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and Secure Wi-Fi has failed to provide a suitable basis on which damages may be properly calculated.  Samsung contends in particular, as detailed in Samsung's motion to exclude the expert opinions and testimony of Justin Block (D.I. 85), and expert opinions and testimony of Dr. Akl based on so-called "economic value" of an unrelated Samsung product on which Mr. Blok relies to support his damages calculation (D.I. 87) that Secure Wi-Fi's damages theory is legally deficient and methodologically unsound and thus should be excluded from trial.

24.    Samsung contends that Secure Wi-Fi is not entitled to enhanced damages under 35 U.S.C. § 284.

25.    Samsung contends that Secure Wi-Fi is not entitled to pre- or post-judgment interest or costs, including under 35 U.S.C. § 284.

26.    Samsung contends that Secure Wi-Fi is not entitled to an award of its attorneys' fees.

27.    Samsung contends that it has engaged in all relevant activities in good faith, thereby precluding Secure Wi-Fi, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

28.    Samsung contends that this is an exceptional case under 35 U.S.C. § 285 entitling Samsung to attorneys' fees, costs, and interest for at least the reason that Secure Wi-Fi had no good faith basis to assert infringement of any claim of the '384 patent or any claim of U.S. Patent

Nos. 9,717,005 patent and 9,961,552.

29.    Samsung contends that Secure Wi-Fi is not entitled to any damages, including supplemental damages, or a post-verdict running royalty

30.    Samsung contends that Secure Wi-Fi is not entitled to any other relief, including but not limited to equitable relief.

31.    Samsung contends  that it is not liable to Secure Wi-Fi under any cause of action or legal theory that Secure Wi-Fi asserts.

32.    Samsung objects to Secure Wi-Fi's contends that were not properly disclosed pursuant to the Court's rules and orders, or Federal Rules of Civil Procedure, and contends that its own contentions were properly disclosed pursuant to the Court's rules and orders, and Federal Rules of Civil Procedure.

33.    Samsung objects to Secure Wi-Fi's contentions regarding issues excluded by agreement and/or by the rulings of the Court.

34.    Samsung objects to any contention is that is subject to a currently pending motion in this matter.

35.    Samsung objects to the relitigation of any issue that has already been determined by the Court.

36.    To the extent not already addressed above, Samsung disagrees with Secure Wi-Fi's contentions.

37.    That a contention appears in Secure Wi-Fi's contentions above does not mean that Samsung agrees or admits that the contention is now or has previously been live in this case.

## V.    STIPULATIONS AND UNCONTESTED FACTS

### A.    Stipulations

The parties have met and conferred and agreed upon certain trial management procedures

as set forth below.

1.    The following stipulations are for the purposes of this case only.

2.    The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent additional agreements are reached.

3.    The parties agree that written answers to interrogatories and stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

4.    The parties agree to the following procedure that will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

5.    **Notification of Live Witnesses:**

   a.    **[Secure's proposal]:**  A party shall identify the witnesses it intends to call to testify, whether it intends to do so in person or by deposition, and the order in which they are to be called, by **7:00 p.m. CT** one (1) calendar day before they are to be called (e.g., witnesses for Monday will be disclosed on Sunday evening). Any objections to a parties' witness disclosure will be provided no later than **8:00 p.m. CT** that same day and the parties shall meet and confer promptly thereafter that same evening on any such objections.  **[Samsung's proposal]:**    Secure Wi-Fi shall identify the witnesses it intends to call to testify, whether it intends to do so in person or by deposition, and the order they are to be called by **7:00 PM CT** two (2) days before the first day of trial. Any objections to a this witness disclosure will be provided by Samsung no later than **8:00 p.m. CT** that same day and the parties shall meet and confer promptly thereafter that same evening on any such objections. Thereafter, a party shall identify the witnesses it intends to call to testify, whether it intends to do so in person or by deposition, and the order in which they are to be called, by **7:00 p.m. CT** one (1) calendar day before they are to be called (e.g., witnesses for Monday will be disclosed on Sunday evening). Any objections to a parties' witness disclosure will be provided no later than **8:00 p.m. CT** that same day and the parties shall meet and confer promptly thereafter that same

evening on any such objections.

6. **Demonstratives:**

    a. Demonstrative exhibits are those that do not go back to the jury room. Secure Wi-Fi's demonstrative exhibits will be identified by numbers prefixed with "PDX." Samsung's demonstrative exhibits will be identified by numbers prefixed with "DDX."

    b. A party shall provide demonstrative exhibits to be used in connection with direct examination by **7:00 p.m. CT** the day before their intended use (e.g., exhibits for Monday morning will be disclosed on Sunday evening). Any objections will be provided by no later than **8:00 p.m. CT** that same day and the parties shall meet and confer promptly thereafter that same evening on any such objections.

    c. The party seeking to use a non-physical demonstrative exhibit shall provide a color copy (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side in accordance with the schedule set forth above. For videos and animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including as applicable, flash format, PPT format, MPG or any other video format.

    d. Physical demonstratives to be used in connection with direct examination must be identified and made available for inspection by **7:00 p.m. CT** two (2) calendar days before their intended use. Any objections will be provided no later than **12:00 p.m. CT** one (1) calendar day before intended use. The parties shall meet and confer promptly, but, in any event, no later than **8:00 p.m. CT** that same evening on any such objections.

    e. If any of the demonstratives change after they have been provided to the opposing party, including non-substantive edits and typographical corrections, the party intending to use the demonstrative shall promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstratives are presented to the jury.

    f. Where a demonstrative refers to information found in a trial exhibit, the party offering the demonstrative shall disclose to the other party all trial exhibits that form the basis of the demonstrative at the same time the party discloses the demonstrative.

    g. A party's demonstrative will not be used, in whole or in part, by the other party prior to it being used by the disclosing party.

    h. The parties agree that notice of a party's intended use of enlargements of trial exhibits and/or deposition testimony (if no objections remain pending

or such testimony has been played) and of ballooning, excerption, highlighting etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party had identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order and the ballooning, excerption, highlighting etc. accurately reflects the content of the exhibit.

i.   The parties further agree that the above notice provisions concerning demonstrative exhibits do not apply to demonstratives to be used for cross-examination, which do not need to be provided to the other side in advance of their use. In addition, the parties agree that the above notice provisions concerning demonstrative exhibits do not apply to demonstrative exhibits created in the courtroom during live testimony or that were previously shown to the jury or that are ballooning, excerption, highlighting etc. of witness testimony, attorney statements or attorney argument generated during the trial before the jury.

j.   Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.

7.   **Opening Statement Demonstratives:**

a.   With respect to opening statements, by no later than **3:00 p.m. CT** on the calendar day before the opening statements, the parties shall exchange by email electronic copies of any demonstrative exhibits that they intend to use in their respective opening statements. By no later than **4:00 p.m. CT** that same day, the receiving party shall notify the other party of any objections to the exhibits and demonstratives. By no later than **5:00 p.m. CT** that same day, the parties shall meet and confer to resolve any objections.

b.   This provision does not apply to demonstratives created during opening statements, which do not need to be provided to the other side in advance of their use.

c.   **[Samsung's proposal]:** No party can use any of the other party's disclosed demonstratives in its opening statement presentation.

d.   The parties agree that any exhibit listed on the joint exhibit list or either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

e.   Any transcripts of testimony (excluding testimony given during this trial)

must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening statements or on direct examination.

8. **Closing Argument Demonstratives:**

    a. The parties agree that any exhibit that was used during the trial and moved into evidence, trial transcripts, deposition designations read or played at trial, or demonstratives previously used or disclosed and not subject to outstanding objection during the trial (or any enlargement, highlighting, ballooning, underlining, or the like, of any of the foregoing) may be shown to the jury during closing statements without any additional disclosure. Any demonstratives that will first be shown to the jury during the closing statements must be disclosed by **8:00 p.m. CT** on the night before closing, and objections to any such disclosed closing demonstratives are due by **9:00 p.m. CT** that same day, with the understanding that closings will commence on the next day. Should these times prove unworkable, the parties agree to meet and confer in good faith to agree on a time for the exchange of demonstratives to be used at closing. By no later than **9:30 p.m. CT**, the parties shall meet and confer to resolve any objections.

9. **Exhibits:**

    a. A party shall identify trial exhibits to be used in connection with direct examination by witness by **7:00 p.m. CT** the calendar day before their intended use (e.g., exhibits for Monday morning will be disclosed by noon on Sunday). Any objections will be provided no later than **8:00 p.m. CT** that same day, and the parties shall meet and confer promptly thereafter on any such objections.

    b. The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence. Each party reserves the right to add additional exhibits to its exhibit list, for good cause shown, by agreement of the parties or as ordered by the Court. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial, except as provided in section XVI.5 below. No party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

    c. Subject to other provisions of this Order, no party may offer as evidence an exhibit not present on its exhibit list absent Court order or agreement by the parties, except for purposes of impeachment, if otherwise competent for such purposes.

    d. The parties may use electronic versions of exhibits that are spreadsheets or slide presentations.

e. The parties agree to exchange lists of exhibits admitted on the record by **10:00 p.m. CT** on the same day they are admitted to the Court.

f. Any documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination or impeachment if otherwise competent for such purposes.

g. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used an admission or otherwise as evidence regarding the document.

h. The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective trial exhibit lists attached as **Exhibits D and E** to this Order. The parties otherwise reserve all rights to object to any demonstrative exhibits.

i. None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits, or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.

10. **Deposition Testimony:**

a. For witnesses who will be presented by deposition, the parties will provide a list of any deposition designations the party intends to present from previously exchanged designations by **7:00 p.m. CT** two (2) days before the designations are to be read or played. To the extent not already admitted, such list shall also identify all exhibits the party seeks to introduce through deposition designations. Counter-designations and objections to the designations are due by **8:00 p.m. CT** that same day, including an identification of all exhibits not already admitted and sought to be introduced through the counter-designations. Objections to counter-designations are due by **8:30 p.m. CT** that same day and the parties shall meet and confer promptly thereafter that same evening on any such objections.

b. The party introducing the deposition testimony shall be responsible for preparing the video clip to be played for the jury. The party that seeks to play the deposition testimony must also provide the opposing party, by **7:00 p.m. CT** the day before the deposition testimony is to be played, a workable copy of the actual recording to be played, including all designations and counter-designations, and a timed report of the deposition designations. Deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

c.  To the extent a party calls a witness by deposition at trial, the other party may use designations from the proposing party's designations, even if not separately listed on its own list.

d.  For depositions that involved a translator, the following would be played in the video to the jury:  question (in English), answer (in Korean) and translated answer (in English).

e.  All objections and colloquy between counsel will be eliminated when the deposition is viewed at trial.

f.  If a party designates deposition testimony and the other party counter-designates, the designations and counter-designations will be played together in chronological order. The time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

g.  Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise admissible for such purpose.  Deposition testimony used for impeachment purposes does not need to be disclosed prior to its use.  When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live (in either case the transcript may be displayed to the jury), unless the Court orders otherwise.

h.  In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

11.  **Raising Objections with the Court:**

a.  To the extent good faith efforts to resolve objections to witnesses, exhibits, or demonstratives, fail and there are additional unresolved objections, the parties will submit a joint email to the Court on any remaining disputes by **10:00 p.m. CT** the day before the witness is expected to testify (live or by deposition), or the exhibit or demonstrative is expected to be used.  The joint email will include the expected order of witnesses for the following day along with which witness the disputed exhibit or demonstrative (if any) is to be used.  Consistent with the Court's practices, disputes concerning opening statement and witness testimony for the first day of trial shall be submitted in a joint email to the Court by **8:00 p.m. CT** the day before the first day of trial.

b.  With respect to deposition designations, any unresolved objections must be emailed to the Court, along with a copy of the relevant portions of

17

deposition transcript, by **10:00 p.m. CT** two (2) calendar days before the deposition will be played, to permit the Parties to address any such objections with the Court the next morning (i.e., the day before the testimony is to be played).

c. The objecting party will raise witness, exhibit, or demonstrative objections with the Court on the morning that the witness is to be called, or the disputed exhibit or demonstrative is to be used.

d. The objecting party will raise objections to deposition designations with the Court on the morning one day before the party seeking to introduce the deposition designations intends to introduce such designations.

12. **Handling of Confidential Material and Source Code:**

a. The parties may present source code at trial and enter it into evidence, subject to the protection of the Court's Protective Order (Dkt. 28). Once the trial is complete, the parties will destroy any copies of the source code in that party's possession, whether they be hard copies of digital copies, no later than forty-five (45) days after final termination of this Action, including any appeals, pursuant to the Protective Order.

b. The parties agree to identify for the other side what general materials for which they ask that the courtroom be sealed (e.g., license terms (and, if applicable, licensee names), source code,  schematics, etc.)  Once there is a set of preadmitted exhibits, the parties agree to meet and confer to identify confidential information for which the courtroom needs to be sealed.

13. **Shared Electronic Versions of Displays:**

a. The parties agree to provide electronic PDF versions of demonstratives displayed to the jury as soon as practicable thereafter.

14. **Notice of Intent to Rest:**

a. A party will provide to the Court and the other party a good-faith notice that it expects to rest by **7:00 p.m. CT** or before leaving court, whichever is later, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

15. **Motions:**

a. All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing after the close of all evidence.

b. Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing

of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions.

16. **Witness Binders:**

    a. If a party provides a binder of exhibits to a live witness prior to the examination, the party will provide one copy to the other party.

17. **Juror Notebooks:**

    a. The parties agree that jurors shall be permitted to take handwritten notes in the provided Juror Notebooks during the presentations of the parties and that jurors be permitted to bring these notes into the deliberation room. Twelve (12) copies of an agreed juror notebook, which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the asserted patent and a chart with the Court's claim constructions), a legal pad, a non-clicking pen, and a highlighter will be delivered to the Court by Secure Wi-Fi before jury selection.

18. **Order of Presentation:**

    a. The order of presentation at trial shall be as follows:

    b. **Opening Statements:** The trial presentation shall begin with opening statements by each party. Plaintiff shall present its opening statement first, followed by Defendants' opening statement.

    c. **Evidence:** After opening statements, the parties shall present their evidence. Plaintiff shall go first on the issues of infringement, willfulness and damages. Defendants shall next present their case on non-infringement, invalidity and damages. Plaintiff may then present its rebuttal case to Defendants' allegations of **[Secure Wi-Fi's proposal]** non-infringement, invalidity and damages **[Samsung's Proposal]** on validity.

    d. **Closing Arguments:** The parties shall conclude with closing arguments. Plaintiff shall present its closing argument on all issues. Next, Defendants will present their closing argument on all issues. Plaintiff may reserve time and make a rebuttal closing after Defendants' argument.

19. One or more Samsung witnesses may testify live in a language other than English. The parties agree that Ann Park or another interpreter from PACLS, Inc. will be the trial interpreter.

**B.    Uncontested Facts**

20. Plaintiff Secure Wi-Fi is a Texas limited liability company with its principal place

of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

21.     Secure Wi-Fi is the sole owner by assignment of all rights, title and interest in the Asserted Patent.

22.     Defendant Samsung Electronics Co. Ltd. is a foreign corporation organized and existing under the laws of the Republic of Korea with its principal place of business located at 129 Samsung-ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea.

23.     Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co. Ltd. and is organized and existing under the laws of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and offices and other facilities in  this District at least at 6625 Excellence Way, Plano Texas and 1301 E. Lookout Drive, Richardson, Texas 75082.

24.     Secure Wi-Fi filed a complaint in this case against Samsung on January 25, 2024.

25.     The Asserted Patent is U.S. Patent No. 10,694,384.

26.     The '384 patent, titled "Schemes for Connecting to Wireless Network" was filed on March 30, 2018 and issued on June 30, 2020. It lists Hyoung-Gon Lee as the inventor.

27.     The date of the hypothetical negotiation is June 23, 2020.

## VI.    CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in light of the Court's rulings on any pending motions or rulings made at the pretrial conference.

By providing this statement, the parties do not concede that all of these issues are appropriate for trial. The parties also do not waive any issues raised in their pending, decided or future motions.

A.    **Secure Wi-Fi's Statement of Contested Issues of Fact and Law**

28.    Whether Secure W-Fi has shown by a preponderance of the evidence that Samsung has literally infringed or is literally infringing any of the Asserted Claims of the '384 patent under 35 U.S.C. § 271(a).

29.    Whether Samsung has infringed or is infringing any of the Asserted Claims of the '384 patent under 35 U.S.C. §271(b).

30.    The amount of any damages, including at least a reasonable royalty, necessary to compensate Secure Wi-Fi for the alleged infringement pursuant to 35 U.S.C. § 284.

31.    Whether Samsung has willfully infringed any of the Asserted Claims of the Asserted Patent.

32.    Whether Secure Wi-Fi is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and, if so, the dollar amount of the enhancement.

33.    Whether Samsung has shown by clear and convincing evidence the Asserted Claims are invalid under 35 U.S.C. §§ 101 or 103.

34.    Whether Secure Wi-Fi is entitled to attorneys' fees under 35 U.S.C. § 285 and, if so, in what amount.

35.    Whether Secure Wi-Fi is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

36.    Whether Secure Wi-Fi is entitled to costs, and, if so, the dollar amount of the costs.

B.    **Samsung's Statement of Contested Issues of Fact and Law**

37.    Whether Secure Wi-Fi has proven by a preponderance of the evidence that Samsung has directly infringed any of the Asserted Claims of the Asserted Patent under 35 U.S.C. § 271(a) by making, using, selling, or offering to sell the Accused Products in the United States and/or importing the Accused Products into the United States.

21

38.    Whether Secure Wi-Fi has proven by a preponderance of the evidence that
Samsung has induced infringement of any of the Asserted Claims of the Asserted Patent under 35
U.S.C. § 271(b) by inducing others to directly infringe any Asserted Claim of the Asserted Patent
under 35 U.S.C. § 271(a) by making, using, selling, or offering to sell the Accused Products in the
United States and/or importing the Accused Products into the United States.

39.    Whether Samsung has proven by clear and convincing evidence that the Asserted
Claims of the Asserted Patent are patent-ineligible under 35 U.S.C. § 101 including because each
of the Asserted Claims lacks any inventive concept.

40.    Whether Samsung has proven by clear and convincing evidence that each of the
Asserted Claims of the Asserted Patent is invalid as obvious under 35 U.S.C. § 103.

41.    Whether Samsung has proven by clear and convincing evidence that each of the
Asserted Claims of the Asserted Patent is invalid based on lack of written description under 35
U.S.C. § 112.

42.    Whether Secure Wi-Fi has proven by a preponderance of the evidence that any
infringement by Samsung of the Asserted Claims of the Asserted Patent was willful.

43.    Whether Secure Wi-Fi has proven that it is entitled to a reasonable royalty under
35 U.S.C. § 284 for Samsung's alleged infringement of the Asserted Claims of the Asserted Patent,
and, if proven, the total amount of such royalty.

44.    Whether Secure Wi-Fi has proven that it is entitled to enhanced damages under 35
U.S.C. § 284 in the event that Samsung is found to have willfully infringed the Asserted Claims
of the Asserted Patent, and, if so, in what amount.

45.    If infringement of any of the Asserted Claims of the Asserted Patent is found,
whether Secure Wi-Fi is entitled to pre- or post-judgment interest, and if so, the total amount of

such interest.

46.     Whether Secure Wi-Fi has proven that it is entitled to costs.

47.     Whether Secure Wi-Fi has proven that it is entitled to a post-trial award of ongoing royalties.

48.     Whether Secure Wi-Fi has proven that it is entitled to supplemental damages.

49.     Whether Secure Wi-Fi has proven that it is entitled to equitable relief.

50.     Whether Secure Wi-Fi is entitled to its reasonable attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

51.     Whether Samsung is entitled to its reasonable attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

## VII.    LIST OF WITNESSES

52.     The trial witness list for Secure Wi-Fi and Samsung's objections is attached as **Exhibit A**.

53.     The trial witness list for Samsung and Secure Wi-Fi's objections is attached as **Exhibit B.**

## VIII.    LIST OF EXHIBITS

54.     The parties Joint Exhibit List is attached as **Exhibit C.** The parties reserve the right to object to the admission of any of the exhibits currently listed on the joint exhibit list based on the rulings on pending motions for summary judgment, *Daubert* motions and motions *in limine*.

55.     Secure Wi-Fi's exhibit list and Samsung's objections is attached as **Exhibit D.**

56.     Samsung's exhibit list and Secure Wi-Fi's objections is attached as **Exhibit E.**

## IX.    DEPOSITION DESIGNATIONS

57.     Secure Wi-Fi's list of deposition designations and Samsung's objections and counter-designations are attached as **Exhibit F**.

58.     Samsung's List of deposition designations and Secure Wi-Fi's objections and counter-designations are attached as **Exhibit G**.

## X.    PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Attached as **Exhibit H** is a copy of the Parties' proposed final jury instructions. Attached as **Exhibit I** is a copy of Secure Wi-Fi's proposed verdict form. Attached as **Exhibit J** is a copy of Samsung's proposed verdict form. These exhibits identify where the parties' proposals differ and are subject to the parties' objections noted within. The parties will continue to meet and confer to resolve disputed issues concerning the jury instructions and verdict form.

## XI.    LIST OF ANY PENDING MOTIONS

**Secure Wi-Fi's Pending Motions**:

59.     *Daubert* Motion and Motion to Strike Certain Opinions of Dr. Vander Veen (Dkt. No. 81).

60.     *Daubert* Motion and Motion to Strike Certain Opinions of Dr. Wicker (Dkt. 82).

61.     Motion *in limine* (Dkt. 138).

**Samsung's Pending Motions**:

62.      Motion for Summary Judgment of Ineligibility under 35 U.S.C. § 101 (Dkt. 83-84).

63.     *Daubert* Motion to Exclude the Opinions and Testimony of Plaintiff's Damages Expert, Justin Blok (Dkt. 85-86).

64.     *Daubert* Motion to Exclude the Opinions and Testimony of Plaintiff's Technical Expert, Robert Akl (Dkt. 87-88).

65.     Motion for Summary Judgment of Non-infringement of Non-Infringement of U.S. Patent Nos. 10,694,384, 9,961,552 and 9,717,005 (Dkt. 89-91).

66.     Motions *in limine* (Dkt. 135).

## XII.    LENGTH OF TRIAL

The probable length of trial is 5 days. The parties request 13 hours per side for direct, cross and rebuttal examinations. The parties further request 30 minutes per side for *voir dire*. The parties request 30 minutes per side for opening statements and 45 minutes per side for closing arguments.

## XIII.    MANAGEMENT CONFERENCE LIMITATIONS

None.

## XIV.    ADDITIONAL MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

1.    Samsung requests that the pending motions listed above be heard at or before the Pretrial Conference, as they would directly impact the trial.

2.    Secure Wi-Fi requests that the Court address Samsung's divided infringement defense based on (1) Samsung's failure to disclose this defense in response to Interrogatory No. 3 or otherwise during fact discovery, (2) Samsung's failure to disclose this defense in its expert reports, (3) as violative of the Court's MIL No. 17 and (4) waiver because any argument that the method claims should be construed to add a limitation requiring an access point to affirmatively perform authentication was never advanced during claim construction.

Samsung maintains that it is entitled to show at trial that Secure Wi-Fi has not proven that Samsung does not perform or has induced others to perform each and every step of the asserted method claims.  Samsung disagrees that there is any question of claim construction; Secure Wi-Fi's expert's opinions implicate that an individual or entity other than Samsung, and whom Samsung does not control directly or indirectly, must perform activities to satisfy at least certain limitations of the asserted claims, as Samsung addresses in its motion for summary judgment of non-infringement, Dkt. No. 91 at 28-29.  Samsung's position arises purely based on positions Secure Wi-Fi's expert, Dr. Akl, addressed for the first time in is opening expert report.

25

## XV.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Subject to the outstanding motions, full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

      (a) is in existence;

      (b) is numbered;

      (c) will be disclosed and shown to opposing counsel.


Approved as to form and substance:

Attorney For Plaintiff:                    */s/ Marc Belloli*

Attorney for Defendants:                */s/ R. Paul Zeineddin*

This Joint Pre-Trial Order is hereby Approved this _____ day of _____, 2025.


_____

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

/s/ Marc Belloli
Marc Belloli
California Bar No. 244290
mbelloli@bdiplaw.com
M. Elizabeth Day
California Bar No. 177125
eday@bdiplaw.com
Jerry D. Tice II
Texas State Bar No. 24093263
jtice@bdiplaw.com
Richard Lin
California Bar No. 209233
rlin@bdiplaw.com
Denise M. De Mory
California Bar No. 168076
ddemory@bdiplaw.com
Aaron R. Hand
California Bar No. 245755
ahand@bdiplaw.com
Gareth DeWalt
California Bar No. 261479
gdewalt@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real,
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
(903) 705-1117
(903) 581-2543 (fax)
E-mail: ddacus@dacusfirm.com

*Attorneys for Plaintiff*
*Secure Wi-Fi LLC*

/s/ R. Paul Zeineddin
R. Paul Zeineddin
Paul.Zeineddin@BlankRome.com
D.C. Bar No. 474734 (admitted *pro hac vice*)
**BLANK ROME LLP**
1825 Eye Street NW
Washington, DC 20006
(202) 470-2781

Ameya ("Arun") V. Paradkar
Maryland Bar No. 1312180324 (admitted *pro hac vice*)
Arun.Paradkar@BlankRome.com
Sean D. Damon
D.C. Bar No. 1014471 (admitted *pro hac vice*)
Sean.Damon@BlankRome.com
**BLANK ROME LLP**
1825 Eye Street NW
Washington, DC 20006
(202) 420-2200

Joshua S. Reisberg
Josh.Reisberg@BlankRome.com
New York Bar No. 4463139 (admitted *pro hac vice*)
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000

Michael F. Reeder
Texas State Bar No. 24070481
michael.reeder@blankrome.com
**BLANK ROME LLP**
717 Texas Avenue Suite 1400
Houston, TX 77002
(713) 815-3318

Richard A. Edlin
edlinr@gtlaw.com
**GREENBERG TRAURIG, LLP**
One Vanderbilt Ave
New York, NY 10017
(212) 801-6528

Elana B. Araj
Elana.araj@gtlaw.com
**GREENBERG TRAURIG, LLP**
One Vanderbilt Ave
New York, NY 10017
(212) 801-6566

Kathryn E. Albanese
Katie.albanese@gtlaw.com
**GREENBERG TRAURIG, LLP**
One Vanderbilt Ave
New York, NY 10017
(212) 801-9200

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S Washington Avenue
Marshall, TX 75670
Tel.: (903) 934-8450
Fax: (903) 934-9527

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document is being served via the Court's CM/ECF system on

September 22, 2025, on all counsel of record who have consented to electronic service.

<u>*/s/ Marc Belloli*</u>
Marc Belloli