# EXHIBIT A

## Secure Wi-Fi's Trial Witness List

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE WI-FI LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants | § § § § § § § § § § § § § § § Case No. 2:24-CV-0047-JRG |

## PLAINTIFF'S PRELIMINARY TRIAL WITNESS LIST

Plaintiff Secure Wi-Fi LLC ("Secure Wi-Fi") expects to call at trial the percipient and expert witnesses identified below. Secure Wi-Fi may call individuals listed on Samsung Electronics Co., Ltd. and/or Samsung Electronics America, Inc.'s (collectively, "Samsung" or "Defendants") trial witness list, as well as individuals necessary for rebuttal. Secure Wi-Fi reserves the right to call any witness listed on Defendants' witness list and intends to cross-examine any witnesses Defendants present. In addition, Secure Wi-Fi may present deposition testimony, including in the event that any of the individuals listed below as witnesses that Secure Wi-Fi intends to call become unable to attend trial or are otherwise unable to provide live testimony.

1

| Witness Name | Will Call [live or by depo][1] | May Call [live or by depo] | Defendants' Objections |
|---|---|---|---|
| David White | | x | |
| Hyoung-Gon Lee | | x | |
| Samsung Corporate Representative | | x | |
| Myunghoon Ahn | | x | |
| Sinjae Kang | | x | |
| Blake Gaiser | | x | |
| Sookyung Kim | | x | |
| Seokhyeon Hong | | x | |
| Sean Diaz | | x | |
| Dr. Robert Akl | x | | |
| Justin Blok | x | | |

---

[1] Plaintiff Secure Wi-Fi expects the listed witnesses to be available for live testimony, but due to the potential for circumstances beyond Plaintiff's control, Plaintiff reserves the right to designate witnesses and present their testimony by deposition should the need arise.

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully Submitted,<br><br>*/s/ Marc Belloli*<br>Marc Belloli<br>California Bar No. 244290<br>mbelloli@bdiplaw.com<br>M. Elizabeth Day<br>California Bar No. 177125<br>eday@bdiplaw.com<br>Jerry D. Tice II<br>Texas State Bar No. 24093263<br>jtice@bdiplaw.com<br>Denise M. De Mory<br>California Bar No. 168076<br>ddemory@bdiplaw.com<br>Aaron R. Hand<br>California Bar No. 245755<br>ahand@bdiplaw.com<br>Gareth DeWalt<br>California Bar No. 261479<br>gdewalt@bdiplaw.com<br>BUNSOW DE MORY LLP<br>701 El Camino Real,<br>Redwood City, CA 94063<br>Tel: (650) 351-7248<br>Fax: (415) 426-4744<br><br>Deron R. Dacus<br>Texas Bar No. 00790553 ddacus@dacusfirm.com<br>THE DACUS FIRM, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>(903) 705-1117<br>(903) 581-2543 (fax)<br>E-mail: ddacus@dacusfirm.com<br><br>*Attorneys for Plaintiff*<br>Secure Wi-Fi LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025 I caused a copy of the foregoing document to be served by transmitting it via e-mail or electronic transmission to counsel of record for all Defendants.

By: */s/ Marc Belloli*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SECURE WI-FI LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>　　　　Defendants. | Civil Action No.:  2:24-CV-00047-JRG |

**SAMSUNG'S OBJECTIONS TO PLAINTIFF'S PRELIMINARY TRIAL WITNESS LIST**

i

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., ("Defendants"), object to the following disclosures on Plaintiff's Preliminary Trial Witness List.

The objections are supplemental to any pending motions, including without limitation Defendants' motions to exclude, *Daubert* motions, motions to strike, motions for summary judgment, and forthcoming motions *in limine*, and are not intended to limit the scope of any such motions. Defendants object to any use of deposition designation testimony of any witness where Plaintiff has not demonstrated these individuals are unavailable to testify live, *see* Fed. R. Evid. 804. Defendants object to any attempt to call Defendants' employees as live trial witnesses, *see* Fed. R. Civ. P. 45(c)(1). Defendants object to Plaintiff calling any witness by designation in their case-in-chief who Defendants intend to present live at trial. Playing deposition designations in Secure Wi-Fi's case prior to hearing those same witnesses testify live would be unnecessarily cumulative and may confuse or mislead the jury. Courts in this circuit have excluded exactly this sort of cumulative testimony in order to preserve judicial economy. *See Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006) ("district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial"). Given the relatively short amount of time available to the parties at trial, a similar approach should be adopted here. Defendants object to Plaintiff calling Defendants' experts as live trial witnesses or by deposition designation. *See, e.g.*, Fed. R. Evid. 611. Defendants intend to incorporate by reference their objections and counter-designations to Plaintiff's deposition designations as well as any evidentiary issues to be raised at the pre-trial conference.

Defendants generally object to testimony from any witness insofar as it is covered by, or contrary to, any Court order or party agreement. Defendants further reserve the right to object on any ground of improper or irrelevant testimony advanced at trial by any of Plaintiff's witnesses

(including on cross-examination of Plaintiff's witnesses).  Defendants further object to Plaintiff offering any testimony over which Plaintiff claimed privilege during discovery or Plaintiff or its witnesses otherwise claimed was protected from disclosure.

Defendants do not know the precise nature or scope of the testimony and evidence that Plaintiff may seek to present at trial.  As such, Defendants reserve the right to modify, amend, or supplement their objections prior to or during trial including, by way of example and not of limitation, rulings by the Court including on any motions to exclude, motions to strike, *Daubert* motions, summary judgment motions, and/or motions *in limine*, or any other case developments.

Defendants identify the following specific objections to witnesses identified on Plaintiff's Witness List:

| Plaintiff's Will Call Live Witnesses | Defendants' Objections |
|---|---|
| Dr. Robert Akl | Defendants object to any expert testimony from Dr. Akl outside the scope of the specific opinions set forth in his expert reports. Defendants further object to Dr. Akl's testimony for the reasons stated in their pending motions, including but not limited to Samsung's Motion to Exclude the Opinions and Testimony of Dr. Akl. |
| Justin Blok | Defendants object to any expert testimony from Mr. Blok outside the scope of the specific opinions set forth in his expert reports.  Defendants further object to Mr. Blok's testimony for the reasons stated in their pending motions, including but not limited to Samsung's *Daubert* Motion to Exclude the Opinions and Testimony of Mr. Blok. |

| Plaintiff's May Call (Live or by Deposition) Witnesses | Defendants' Objections |
|---|---|
| David White | Defendants do not know the planned extent of Mr. White's testimony. |

3

| | |
|---|---|
| | Defendants object to Plaintiff calling Mr. White by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay not within any exception.  Defendants also object pursuant to Fed. R. Evid. 804.  For example—and without limitation—Mr. White's affiliation with Secure Wi-fi LLC precludes Plaintiff from affirmatively calling Mr. White via deposition testimony. |
| Hyoung-Gon Lee | Defendants do not know the planned extent of Mr. Lee's testimony, or if Mr. Lee is cooperating with Secure Wi-Fi as named inventor on U.S. patent no. 10,694,384.  Despite Defendants seeking discovery on any communications between Secure and any third parties, including Mr. Lee—whom Secure has repeatedly advised it does not represent—Secure has not produced any such communications.  Accordingly, Defendants object to Secure calling Mr. Lee live (because he has not been deposed in this case) to the extent Mr. Lee's presence at trial was procured through any action by Secure or any individual or entity acting on behalf of Secure, including but not limited to Techlock, Empire Technology Development, or HPCF Litigation Finance) to induce Mr. Lee's cooperation at trial.  Samsung also objects to Secure calling this witness live without Mr. Lee being deposed prior to trial. |
| Samsung Corporate Representative | Defendants object to Plaintiff calling "Samsung Corporate Representative" by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |
| Myunghoon Ahn | Defendants object to Plaintiff calling Myunghoon Ahn by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |
| Sinjae Kang | Defendants object to Plaintiff calling Sinjae Kang by deposition pursuant to Fed. R. Civ. P. |

4

|  | 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |
|---|---|
| Blake Gaiser | Defendants object to Plaintiff calling Blake Gaiser by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |
| Sookyung Kim | Defendants object to Plaintiff calling Sookyung Kim by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |
| Seokhyeon Hong | Defendants object to Plaintiff calling Seokhyeon Hong by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |
| Sean Diaz | Defendants object to Plaintiff calling Sean Diaz by deposition pursuant to Fed. R. Civ. P. 32.  Such testimony consists of inadmissible hearsay.  Samsung also objects pursuant to Fed. R. Evid. 804 and Fed. R. Civ. P. 45(c)(1). |