IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SECURE WI-FI LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00047-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

The Court held a Pretrial Conference in the above-captioned case on October 1, 2025 regarding pending pretrial motions, motions in *limine* ("MILs"), and disputed exhibits between Plaintiff Secure Wi-Fi LLC ("Secure Wi-Fi" or "Plaintiff") and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. ("Samsung" or "Defendants") (collectively, the "Parties"). (Dkt. Nos. 81, 82, 83, 85, 87, 89, 91, 135, 138.) This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Samsung's Motion for Summary Judgement of Ineligibility Under 35 U.S.C. § 101 (Dkt. No. 83).**

The motion was **DENIED**. The Court found that the claims are primarily directed to an abstract concept under step 1 of *Alice*, but that a material question of fact remains as to whether an inventive concept exists under step 2 of *Alice* that will be submitted to the jury.

2. **Samsung's Motion for Summary Judgement of Noninfringement of U.S. Patent Nos. 10,694,384, 9,961,552 and 9,717,005 (Dkt. No. 89).**

This motion was **DENIED AS MOOT** in light of Samsung filing a corrected version of the motion at Dkt. No. 91.

3. **Samsung's Corrected Motion for Summary Judgement of Noninfringement of U.S. Patent Nos. 10,694,384, 9,961,552, and 9,717,005 (Dkt. No. 91).**

This motion was **DENIED**. The Court found that there is no indication of divided infringement present in the case. The Court further found that there is a material question of fact on the question of noninfringement that precludes the entry of summary judgement.

4. **Secure Wi-Fi's *Daubert* Motion and Motion to Strike Certain Opinions of Dr. Stephen B. Wicker (Dkt. No. 82).**

This motion was **DENIED**.

On the issue of Dr. Wicker's statements regarding standard essentiality of the '384 patent, the Court provided the guidance that Dr. Wicker will be subject to cross examination on the statements he relied on to make his statement that the patents are essential to the Wi-Fi standard, and that he cannot add to or go beyond the third party statements which he relied on in providing the opinion in his report. The Court further directed that this statement from Dr. Wicker is not to be used in a broader context than the issue of technical comparability, for which it was offered.

On the issue of Dr. Wicker's invalidity theories concerning T MAC and S MAC, the Court provided the guidance that Dr. Wicker's report has not crossed the line of taking background information and turning it into an undisclosed invalidating reference; however, Dr. Wicker must be careful when he testifies not to turn these references into his basis for invalidity or non-patentability under § 101.

**5. Samsung's Motion to Exclude the Opinions and Testimony of Plaintiff's Technical Expert, Robert Akl (Dkt. No. 87).**

This motion was **DENIED**.

On the issue of Dr. Akl's application of the Court's construction of "access point," this issue was **DENIED**. The Court clarified that the Court's construction of the term "access point" does not limit the term "device" to hardware devices.

On the issue of the timeliness of Dr. Akl's opinions that rely on the Wi-Fi chipset functionality in support of generating the fake MAC address, this issue was **DENIED**. The Court determined that Plaintiff's disclosures were broad enough to cover the chipsets such that Defendants were adequately on notice that the chipsets were implemented, or at least within the scope of the contention.

On the issue of whether Dr. Akl has a factual basis to support his opinion on the incremental benefits of the patented invention, this issue was **DENIED**. The Court found that Dr. Akl may properly opine on the technical benefits offered by the proxy products, and that he may properly opine that the technical benefits offered the proxy products are also offered by the accused products in a more efficient way.

On the issue of Dr. Akl's opinions regarding economic value, the issue was **DENIED** but it was **ORDERED** that when Dr. Akl testifies he clarify his language to ensure he is talking about technical *benefits* rather than economic *value*. Dr. Akl may opine on technical benefits but he may not opine on the economic value of infringing features.

6. **Secure Wi-Fi's *Daubert* Motion and Motion to Strike Certain Opinions of Thomas D. Vander Veen (Dkt. No. 81).**

This motion was **DENIED**.

On the issue of whether to strike Dr. Vander Veen's opinions regarding the Techlock/Secure Wi-Fi Patent Assignment Agreement, this matter was **DENIED AS MOOT** in light of the Parties' agreement on the issue in advance of the Pretrial Conference. The Parties read into the record their agreement that neither party will refer to the financial terms of the Techlock/Secure Wi-Fi Agreement.

On the issue of whether to strike portions of Dr. Vander Veen's opinions relating to purported royalty staking, the issue was **DENIED**. The Court provided further guidance, however, instructing the Parties that this denial does not open the door to proceeding with a royalty stacking fight at trial.

On the issue of whether to strike the portions of Dr. Vander Veen's opinions which rely on struck portions of Dr. Wicker's opinions, the issue was **DENIED AS MOOT** as the Court did not strike any of Dr. Wicker's opinions.

7. **Samsung's *Daubert* Motion to Exclude the Opinions and Testimony of Plaintiff's Damages Expert, Justin Blok (Dkt. No. 85).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

On the issue of whether Mr. Blok's proxy product serves as an appropriate comparison to the accused technology, the issue was **DENIED**. The Court determined Mr. Blok may permissibly use a non-infringing but similar product as a proxy in his royalty assessment.

On the issue of whether Mr. Blok properly apportioned his royalty estimate regarding differences between the proxy product at the accused technology, the issue was **DENIED**.

On the issue of whether Mr. Blok's economic assumptions regarding the proxy product are sufficiently reliable, the issue was **DENIED**.

On the issue of whether Mr. Blok's damages figure should be excluded under Rule 403 of the Federal Rules of Civil Procedure, the issue was **DENIED**.

On the issue of whether Mr. Blok's opinion should be excluded because he did not apportion his royalty rate for each of the asserted patents, the issue was **GRANTED**. The Court **ORDERED** that Mr. Blok—and to the extent necessary, Dr. Akl—supplement their reports to address only the '384 patent and to differentiate it from any prior opinion regarding damages for infringement of the '384 patent in conjunction with the '005 and '552 patents that have now been dropped form the case. The Court further **ORDERED** that these experts be redeposed on their supplemental reports, once said supplemental reports are generated, and that Dr. Vander Veen be given an opportunity to issue a supplemental report analyzing the changes made to Mr. Blok's report (with a redeposition for Dr. Vander Veen as well). The Court finally **ORDERED** counsel for the Parties to meet and confer on the issue of scheduling these supplemental reports and depositions to have them completed in time for the current trial date of December 5, 2025. The Court directed the Parties submit any disputes regarding the scheduling of these matters to the Court in the form of a joint notice to be resolved by the Court, if necessary.

8. **Parties' Motions *in Limine* (Dkt. Nos. 135 and 138)**

   a. *Secure Wi-Fi's Motion* in Limine: *preclude evidence of eight non-comparable agreements produced by Samsung.*

The motion was **GRANTED**. The Court found that the only use Dr. Vander Veen and Defendants offered for these licenses at trial would be as a check on Dr. Vander Veen's work regarding his damages estimate, which is impermissible. The Court noted that if Plaintiff opens

5

the door to the discussion of these licenses in some other way, this MIL will not serve as an absolute prohibition of the licenses being discussed at trial.

> b. *Samsung's Motion* in Limine *1: preclude any evidence, testimony, or argument suggesting that any devices sold by companies other than Samsung practice the alleged inventions.*

The motion was **GRANTED**, but Defendants may seek leave to address this topic once Plaintiff rests its case-in-chief. Defendants may not present such evidence during Plaintiff's case on infringement but may present such evidence in their case on invalidity after seeking and obtaining leave of the Court.

> c. *Samsung's Motion* in Limine *2: preclude Secure Wi-Fi from calling the named inventor as a witness or from introducing certain evidence, testimony, or argument relating to the named inventor.*

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

The Parties agreed prior to the Pretrial Conference that "if the named inventor, Hyoung-Gon Lee, voluntarily appears to testify at trial, Samsung will have an opportunity to depose him before he testifies at trial." (Dkt. No. 150 at 1.) The parties further agreed prior to the Conference that "if Mr. Lee voluntarily appears to testify at trial, Secure WiFi will not introduce any testimony or evidence that violates the Court's Standing MIL No. 9, including but not limited to introducing any testimony or evidence regarding Mr. Lee's personal views on Samsung's general treatment of intellectual property rights." (*Id*. at 2.) As such, these parts of the MIL were **DENIED AS MOOT**.

If Mr. Lee is not going to appear live at trail, the motion is **GRANTED** as to any references to Mr. Lee by witnesses at trial. The Court clarified that these provisions do not need to be struck from these experts' reports as long as they are not raised at trial, and that Plaintiff is free to move for leave at trial if it can provide a reason why the risk of unfair bolstering of Mr. Lee is mitigated

and the relevance of Mr. Lee's qualifications come into question. Mr. Lee's prior affiliation with Samsung as listed on the CV is not to be raised at trial either, without prior leave.

> d. *Samsung's Motion in Limine 3: preclude evidence, testimony, and argument that Samsung's employees or corporate representative lack knowledge that is outside of personal knowledge or Rule 30(b)(6) topics.*

The Motion was **DENIED**. The Court set out that it expects the parties to follow the Court's standing MIL which prohibits this type of conduct. The Court provided guidance that the purpose of this MIL is to prevent a witness without personal knowledge on an issue, and who has not been deposed on that issue under 30(b)(6), from having their lack of personal knowledge used as a sword to attack the party they are in court on behalf of as not caring about the issues, abusing the system, or any other negative implication.

> e. *Samsung's Motion in Limine 4: preclude evidence, testimony, or argument relating to Samsung's production of licenses and source code.*

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

Regarding the production of licenses, the Court **GRANTED** the motion and determined that Mr. Blok may not allude to any other litigation.

Regarding source code, the Court **DENIED** the motion. However, the Parties may ask factual questions about how long an expert had to review source code and under what circumstances they reviewed that source code.

9. **Parties' Exhibit Disputes**

The Parties reached agreement regarding their exhibits following the Court's rulings on the pretrial motions and MILs. The following exhibits were read into the record as **PRE-ADMITTED**:

Plaintiff's exhibits PX 3, PX 7, PX 8, PX 9, PX 11, PX 13, PX 19, PX 23, and PX 29 are **PRE-ADMITTED**.

7

Defendants' exhibits DX 2 (the TP link router only), DX 3, DX 4, DX 8, DX 9, DX 10, DX 11, DX 12, and DX 13 are **PRE-ADMITTED**.

This completed the process of pre-admitting exhibits for use at trial, consistent with the Court's standing order in this regard.

**So Ordered this**

**Nov 10, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE