IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE WI-FI LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:24-CV-00047-JRG |
| § | |
| SAMSUNG ELECTRONICS CO. LTD. § | FILED UNDER SEAL |
| and SAMSUNG ELECTRONICS § | |
| AMERICA, INC., § | |
| § | |
| *Defendants*. § | |

# ORDER

Before the Court is Samsung's Renewed *Daubert* Motion to Exclude and Motion to Strike the Opinions and Testimony of Plaintiff's Technical Expert, Robert Akl. (Dkt. No. 169). In the Motion, Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. ("Samsung") argue that: (1) Dr. Akl's opinions about the '005 and '552 Patents' ▆▆▆▆▆ are not the product of a reliable methodology; (2) Dr. Akl's opinions on ▆▆▆▆▆ ▆▆▆▆▆ should be excluded; and (3) some of Dr. Akl's supplemental opinions do not comply with the Court's instructions at the pretrial conference.

Having considered the Motion and the accompanying briefing, the Court finds that it should be and hereby is **DENIED**.

**I. Opinions on Technical Benefits of the '005 and '552 Patents**

Samsung first contests Dr. Akl's opinions on ▆▆▆▆▆ ▆▆▆▆▆ (*Id.* at 3-8). Samsung argues that his opinions amount to an unsupported quantification of the economic value of ▆▆▆▆▆ ▆▆▆▆▆. The Court finds sufficient basis to support

Dr. Akl's qualitative conclusion that ███████████████████████████████████████

███████████████████████████████████████████████████████ (*See* Dkt. No. 176

at 3-4).

Samsung next argues that Dr. Akl's opinions are based on the flawed premise that a

███████████████████████████████████████. (Dkt. No. 169 at 6). However, the Court

finds support for the opinions ███████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████ (*See* Dkt. No. 176 at 3-4).

## II. Opinions on Technical Comparability

Samsung also argues that Dr. Akl's apportionment analysis is inconsistent with his technical comparability analysis, warranting exclusion of the technical comparability analysis. (Dkt. No. 169 at 8-13). However, the Court finds that Dr. Akl's analyses are not inconsistent. While the technical benefit of the ████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████─████████████████████████████████████████████████████████████

████████. (*See* Dkt. No. 176 at 4-5). Dr. Akl's opinions on the technical benefits of the ████

███████████████████████████████████████████████████████████████████████

████████████████ Therefore, they do not contradict opinions he formulates outside the

context of that specific hypothetical negotiation.

███████████████████████████████████████████████████████████ (Dkt. No.

169 at 8). Dr. Akl opines that ███████████████████████████████████████████

███████████████████████████████████████████████████████ (Dkt. No. 176 at 9).

Therefore, it is reasonable for Dr. Akl to conclude that ████████████████████████

2

████████████████████████████████████████████████████

██████████████████████████████ (*Id.*).

### III. Failure to Comply with the Court's Pretrial Conference Instructions

Finally, Samsung argues that Dr. Akl adds new opinions to his supplemental report to bolster his non-obviousness opinions. (Dkt. No. 169 at 13-15). The Court finds that the opinions provided in the Supplemental Report are new, but that they are directed towards ████████ ██████████████████████ (Dkt. No. 176 at 10). Such opinions on technical benefits were within the Court's instructions for supplementation at the pretrial conference. However, Dr. Akl may only testify as to these additional opinions when discussing the ████████████████ ████████████ he may not testify to these additional opinions when discussing non-obviousness.

### IV. The Scope of Cross-Examination

The failures of the expert witnesses for Secure Wi-Fi necessitated the supplemental reports of Dr. Akl and Mr. Blok. These failures should not shield Plaintiff and its witnesses from complete cross-examination, which may properly include these experts' original opinions in context and contrast with their subsequent supplemental opinions. Consequently, the Court **GRANTS** leave to Defendants' counsel to cross-examine Dr. Akl and Mr. Blok about the existence and relationship of their previous opinions and their supplemental opinions as a part of this trial.

### V. Conclusion

Having considered the Motion and the accompanying briefing, the Court finds that it should be and hereby is **DENIED**.

Given that the parties filed this briefing under seal, the Court files this Order under seal as well. However, the parties are directed to jointly prepare a redacted version of this Order for public

3

viewing and to file the same on the Court's docket as an attachment to a Notice of Redaction within five (5) business days of this Order.

**So ORDERED and SIGNED this 3rd day of December, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE