IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE WI-FI, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:24-CV-00047-JRG <br> § <br> SAMSUNG ELECTRONICS CO., LTD. and § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> § <br> *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Strike Samsung's Attempt to Substantively Change the Rule 30(b)(6) Deposition Testimony of Samsung Witness Sinjae Kang Via "Errata" Submitted on the Eve of Trial (the "Motion") filed by Plaintiff Secure Wi-Fi ("Plaintiff"). (Dkt. No. 190.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **GRANTED**.

**I.   BACKGROUND**

On May 20, 2025, Plaintiff took the Rule 30(b)(6) deposition of engineer Sinjae Kang on behalf of Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung"). (Dkt. No. 190-6.) Mr. Kang was one of six witnesses designated by Samsung under Rule 30(b)(6). (Dkt. No. 194 at 2.) The depositions for Samsung's 30(b)(6) witnesses occurred over an approximately three-week period and were completed on June 10, 2025. (*Id.*)

On September 22, 2025, the Parties submitted their Joint Pretrial Order. (Dkt. No. 149.) This Joint Pretrial Order included Plaintiff's list of deposition designations and Samsung's

objections and counter-designations, including those for Mr. Kang. (Dkt. No. 149-6.) Samsung indicated no errors or omissions, or of any intent to submit an errata, at the time this Joint Pretrial Order was filed. (Dkt. No. 190 at 2.) This submission occurred more than 90 days after the deposition was completed.

On November 28, 2025, Samsung forwarded an errata to Plaintiff, proposing to make sixteen changes to Mr. Kang's deposition testimony. (Dkt. No. 190-3.) On November 30, Samsung forwarded a signed errata and "Acknowledgement of Deponent." (Dkt. No. 190-4.) This Motion followed, with Plaintiff seeking to strike Mr. Kang's errata. (Dkt. No. 190.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 30(e)(1) provides that:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

FED. R. CIV. P. 30(e)(1). In an unpublished case, the Fifth Circuit held that "Rule 30(e) does not provide any exceptions to its requirements," and upheld a district court's decision to strike errata sheet changes made outside of the 30-day window Rule 30(e) provides. *Reed v. Hernandez*, 114 Fed. Appx. 609, 611 (5th Cir. 2004). However, courts have determined that "[t]he traditional view of Rule 30(e) also affords the Court discretion to permit changes submitted after the 30-day period when the delay is reasonable." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-00144-LED-JDL, Dkt. No. 709 at 2 n.2 (E.D. Tex. Nov. 19, 2009) (citing *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-00109, 2009 WL 424773 at *2.)

### III. ANALYSIS

Though the Motion raises many reasons for exclusion of Mr. Kang's errata, the Court finds that the untimeliness of the errata and lack of reason provided by Defendants for such delay is dispositive in this instance. Defendants concede the errata is untimely but assert that "[a]ppropriate circumstances exist here for accepting Mr. Kang's errata—while reviewing his deposition transcript in preparation for live testimony at trial, Mr. Kang identified portions of his testimony he sought to correct." (Dkt. No. 194 at 1-2.)

This reasoning provides an explanation for the submission of the errata, but does *not* provide any explanation for the delay in submitting it. Mr. Kang's deposition occurred on May 20, 2025, and his deposition designation was prepared by the Parties and submitted to the Court and on September 22, 2025. However, notice of this errata was not provided to Plaintiff until November 28, 2025—192 days after Mr. Kang's deposition, 58 days after the Court held a Pretrial Conference for this case, and 25 days after the trial date this case was originally set for (*see* Dkt. No. 24). As such, the Court determines that the errata should be struck to comply with Rule 30(e)(1)'s 30-day requirement. Assuming the Court has discretion in this matter, it sees no reasonable basis to exercise it given these facts.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Motion (Dkt. No. 190) should be and hereby is **GRANTED**.

**So ORDERED and SIGNED this 23rd day of December, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE