IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE WI-FI LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:24-CV-00047-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD. and § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Reconsideration of the Court's Decision as Reflected in its Email Dated December 3, 2025 (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants"). (Dkt. No. 192.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

**I.    BACKGROUND**

The Court held a Pretrial Conference in the above-captioned case on October 1, 2025. (Dkt. No. 155.) At the Pretrial Conference, counsel for Plaintiff Secure Wi-Fi ("Plaintiff") stated for the record an agreement the parties had reached regarding the use at trial of an agreement between third-party TechLok and Plaintiff: "The agreement to be read in the record is that neither party is going to refer to the financial terms of the TechLok/Secure Wi-Fi agreement." (Dkt. No. 157 at 124.) The parties both had access to this transcript on October 4, 2025. (*Id*.) Additionally, the Court restated this agreement in its order memorializing the Pretrial Conference rulings on November 12, 2025: "The Parties read into the record their agreement that neither party will refer to the financial terms of the Techlock/Secure Wi-Fi Agreement." (Dkt. No. 166 at 4.)

On December 3, 2025—two days before this case was scheduled to go to trial—counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants") emailed the Court stating that the agreement read into the record at the Pretrial Conference "materially mischaracterized the agreement" between the parties, which Defendants state was meant to be limited to experts' references to the Techlock/Secure Wi-Fi Agreement.

The Court responded with the following message: "The Court has reviewed the transcript from the day of the Pretrial Conference and finds that there is no basis in the record to honor any agreement other than what was represented to the Court and memorialized at Dkt. No. 166, which was that 'neither **party** is going to refer to the financial terms of the TechLok/Secure Wi-Fi Agreement.' Since Samsung did not raise any issue with this statement at the time it was made it cannot do so now." The current Motion followed, with Defendants asking the Court to reconsider this decision.

## II.     LEGAL AUTHORITY

Under Rule 59(e), a party can move the Court to amend an order or judgment within 28 days of entry. FED R. CIV. P. 59(e). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp*., 303 F.3d 571, 581 (5th Cir. 2002) (internal citations omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal citations omitted). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence;

(3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### III. ANALYSIS

Defendants assert that the Motion is "for the limited purpose of correcting a manifest error of fact and law reflected in the Court's December 3, 2025 decision denying Samsung's request to modify a limited portion of the Court's November 10, 2025 Order relating to the parties/ agreement regarding the TechLock Agreement." (Dkt. No. 192 at 1.) Defendants provide an affidavit of Ameya V. Paradkar, one of the attorneys present at the Pretrial Conference, wherein he stated that he "did not clearly hear Mr. Belloli's representation to the Court" at the Pretrial Conference, and that "[w]hen [he] later reviewed the transcript, [he] assumed Mr. Belloli's misstatement to be inadvertent." (Dkt. No. 192-1 at 3.) Defendants write that "[t]he manifest error of fact is that the written record confirms the parties reached an agreement contrary to the unilateral misrepresentation made by Secure's counsel at the pretrial conference," and that "[t]he manifest error of law is that denying Samsung's request to modify the Court's November 10, 2025 Order binds Samsung to a stipulation that it never agreed to, contravening well-recognized principles of contract law that the Fifth Circuit has expressly held applies to litigation stipulations." (Dkt. No. 192 at 7-8.)

Upon reconsideration of the Court's previous ruling, the Court finds that there is no manifest error of law or fact that requires correcting. As Plaintiff points out, there were ten attorneys present at the Pretrial Conference who could have objected if the agreement as read into the record was not proper. (Dkt. No. 197 at 4.) Further, Defendants received the transcript on October 4, 2025 (Dkt. No. 157), and the Court's order memorializing the Pretrial Conference rulings came 39 days later, on November 12, 2025 (Dkt. No. 166). Defendants did not raise any objection to the ruling

3

as read into the record during those 39 days, and in fact waited another 21 days, until December 3, to raise this issue to the Court for the first time. (Dkt. No. 197 at 4.) Under these circumstances, the Court finds there was no manifest error of law or fact in its previous determination on this issue that "[s]ince Samsung did not raise any issue with this statement at the time it was made it cannot do so now." While Samsung argues that stipulations in the record sound in contract law, these facts present a situation where Samsung is effectively estopped from disputing what was said in open Court and in the presence of (on the order of) ten experienced trial counsel (as well as corporate representatives) of Samsung on October 1, 2025 and presented to the Court (and all present) as an agreed stipulation between the parties. An email 60 days later in effect saying "we were asleep at the switch" does not warrant reopening this matter. If it were to, then no agreement on the record would ever be reliable.

### IV. CONCLUSION

For the foregoing reasons, the Court finds Defendants' Motion should be and hereby is **DENIED**.

**So Ordered this**

**Dec 23, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4